611 So.2d 904 (1992)
Eva Faye DAVIS, Sam Davis, and The Minor Heirs of Baby Davis, Dennis Davis, Pam Davis, Shelton Davis, Angela Davis, Brenda Davis, and Stacy Davis
v.
NESHOBA COUNTY GENERAL HOSPITAL, Dr. C.V. Joshi, and Dr. V.S. Ganti.
No. 89-CA-310.
Supreme Court of Mississippi.
Decided December 17, 1992.
Laurel G. Weir, Thomas L. Booker, Jr., Weir & Booker, Philadelphia, for appellant.
Mark P. Caraway, George Q. Evans, Wise Carter Child & Caraway, Jackson, for appellee.
EN BANC.
PRATHER, Justice, for the Court:

I. INTRODUCTION
This consolidated case commenced in 1987 as two separate negligence actions *905 filed in the Neshoba County Circuit Court. Eva Faye Davis filed the first action  claiming that Dr. C.V. Joshi and Dr. V.S. Ganti committed medical malpractice while employed by Neshoba County General Hospital. Davis filed the second action  claiming wrongful death of the fetus which she carried at the time of her hospital admission. Davis based her two claims on events which occurred during her treatment at the hospital from August 1987 to October 1987.
A trial ensued  after which a jury returned a verdict in favor of all the defendants. Davis appealed, and this Court affirmed. Davis subsequently filed a petition for rehearing. The former opinion entered herein is withdrawn and this Court now reverses and remands for a new trial on the basis of the trial judge's refusal to recuse himself.

II. ANALYSIS

A. Issue: Did the judge err by refusing to recuse himself?

1.
This Court is aware of constitutional and statutory provisions which regulate judicial conduct. However, these provisions are inapplicable under the facts of this case. See generally Buchanan v. Buchanan, 587 So.2d 892, 895 (Miss. 1991); Turner v. State, 573 So.2d 657, 675-79 (Miss. 1990). The conduct of the trial judge in this case must therefore be examined in light of the dictates of the Code of Judicial Conduct ("Code"). Specifically, Canon 3(C)(1) of the Code requires disqualification of a judge when his or her:
impartiality might reasonably be questioned, including but not limited to instances where:
(a) he [or she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.
In other words, would a "reasonable person, knowing all the circumstances, harbor doubts about [the judge's] impartiality?" See Jenkins v. State, 570 So.2d 1191, 1192 (Miss. 1990) (quoting Rutland v. Pridgen, 493 So.2d 952, 954 (Miss. 1986)).
Canons such as 3(C)(1) "enjoy[] the status of law such that we enforce it rigorously, notwithstanding the lack of a litigant's specific demand." Collins v. Dixie Transport, Inc., 543 So.2d 160, 166 (Miss. 1989); see also Jenkins v. Forrest County Gen'l Hosp., 542 So.2d 1180, 1181 (Miss. 1989); Bryan v. Holzer, 589 So.2d 648, 654 (Miss. 1991). Keeping in mind the maxim that a presumption of impartiality exists, this Court reviews a judge's refusal to recuse him- or herself via application of a manifest-error standard. Turner, 573 So.2d at 677; Ruffin v. State, 481 So.2d 312, 317 (Miss. 1984) (citing McLendon v. State, 191 So. 821, 823 (Miss. 1939)).

2.
The evidence adduced reveals that the judge, as an attorney, had represented the Neshoba County General Hospital trustees for approximately four years prior to commencement of this action. The judge represented the hospital at a time when the hospital vigorously recruited one of the defendants in this case, Dr. Joshi. The judge participated in an interview of Dr. Joshi and signed the minutes of the meeting during which the hospital stated that it would do everything reasonably possible to help Dr. Joshi build and maintain a successful practice.
In addition, the transcript of the hearing on the motion to recuse reveals interchanges between the judge and Davis' attorney, Laurel G. Weir, which reflect great personal "tension." This tension seems to stem from a previous case during which Weir accused the judge of being racially biased. See generally Record Vol. IV, at 3-10.
The judge resolved the recusal issue against the movant. In other words, the judge decided that the evidence was insufficient to overcome the presumption of his impartiality. As an aside, he noted that a prior recusal had caused great inconvenience to the court and to the special judge who heard the case.

*906 3.

The issue for this Court to resolve is not whether the judge committed any wrongdoing, for example, by acting partial or biased. Rather, the issue is whether a "reasonable person, knowing all the circumstances, would harbor doubts about [the judge's] impartiality." See, e.g., Jenkins, 570 So.2d at 1192 (quoting Rutland, 493 So.2d at 954). This Court resolves this issue in the affirmative. Clearly, the judge's former representation of the hospital created a conflict of interest which would lead a reasonable-minded person to question the judge's ability to be impartial. For further explanation, see Collins v. Joshi & Neshoba County Gen'l Hosp., 611 So.2d 898, 902 (Miss. 1992) (involving identical judge, defendants, plaintiff's attorney, and issue). Moreover, the personal tension which obviously existed between Weir and the judge would lead a reasonable-minded person to question whether the judge would have "a personal bias or prejudice concerning a party" (i.e., Weir's client). See Miss.Code of Judicial Conduct Canon 3(C)(1).
In sum, the judge manifestly erred in refusing to recuse himself in this case under these particular facts. This Court therefore reverses and remands this case on this issue.

B. Issue: Did the judge err in granting the defendants' motion in limine?
The following discussion is warranted since this issue may arise again on remand. At trial, the judge granted the defendants' motion in limine through which Davis was precluded from presenting evidence of alcohol or drug abuse by hospital staff members. Davis contends that the judge erred in granting the motion.
A motion in limine should be granted only when the trial court finds two factors are present: (1) the evidence in question is irrelevant and would be inadmissible under rules of evidence; and (2) the mere offer, reference, or statement made during trial concerning the evidence would tend to prejudice the jury. Whittley v. City of Meridian, 530 So.2d 1341, 1344 (Miss. 1988).

III. CONCLUSION
Based on the foregoing, this Court reverses and remands this case for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
ROBERTS, J., not participating according to Supreme Court Internal Rules.