# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01674-SCT
## CONSOLIDATED WITH
## NO. 1998-CA-01058-SCT

*WONDA DOE*

*v.*

*GAINES L. STEGALL, INDIVIDUALLY AND d/b/a NOTTINGHAM PLACE APARTMENTS AND BETTY STEGALL*

## ON MOTION FOR FURTHER REVIEW

| | |
|---|---|
| DATE OF JUDGMENT: | 09/25/2001 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RICK D. PATT |
| | SHANE F. LANGSTON |
| ATTORNEYS FOR APPELLEES: | JASON HOOD STRONG |
| | ROBERT S. ADDISON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION OF MOTION: | DENIED - 04/15/2004 |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1. This matter is before this Court, pursuant to M.R.A.P. 48C(b), on a motion filed by Wonda Doe to review the refusal of Court of Appeals Judge T. Kenneth Griffis to recuse himself from this case and the order of the Court of Appeals denying reconsideration of that refusal. Finding that a reasonable person knowing all the circumstances would not question the impartiality of Judge Griffis, we deny the motion.

**FACTS AND PROCEDURAL HISTORY**

¶2.     The facts of this personal injury case (involving an apartment tenant who was twice raped at knifepoint by a burglar over the course of a two-hour period) are adequately discussed in this Court's decision in ***Doe v. Stegall***, 757 So.2d 201, 202-04 (Miss. 2000) (***Doe I***).  In ***Doe I***, we reversed the trial court's grant of summary judgment in favor of the defendants (the Stegalls) and remanded the case back for trial.  After the trial court again granted the Stegalls' motion for summary judgment, the case came to us a second time on appeal (***Doe II***).  Upon the second appeal, this case was initially retained by us for decision; however, on May 19, 2003, we deflected this case to the Court of Appeals for a decision on the merits.

¶3.     On June 13, 2003, Doe's counsel filed a motion for recusal in the Court of Appeals requesting the recusal of Presiding Judge Leslie H. Southwick and Judge T. Kenneth Griffis.[1]  Doe's basis for the requested recusal of Judge Southwick was that Judge Southwick was an officer in the Mississippi National Guard and that, as of the date of the filing of the motion, Doe and her counsel had a declaratory judgment action pending in state court against Mississippi Supreme Court Justice William L. Waller, Jr., challenging the constitutionality of Justice Waller's service as an officer in the Mississippi National Guard simultaneously with his service on this Court.[2]  Presiding Judge Southwick entered an order on June 17, 2003, dismissing the recusal motion against him as moot inasmuch as he had already by that time voluntarily recused himself from the case prior to the filing of Doe's motion.  Doe's basis for the requested recusal of Judge Griffis was that during the 2002 judicial campaign for the Court of Appeals, Judge Griffis, as a candidate, had

---

[1]Even though they were not the subject of a recusal motion, Chief Judge Roger H. McMillin, Jr., Judge L. Joseph Lee, and Judge David A. Chandler, voluntarily chose to recuse themselves from participation in this case.

[2]The state court action against Justice Waller has since been voluntarily dismissed by Doe.

distributed fliers critical of "personal injury lawyers."[3]     On June 27, 2003, Judge Griffis entered an order denying Doe's request for his recusal.  In this order, Judge Griffis stated inter alia that he was not required to recuse himself in this case, in considering "Article 6, Section 165 of the Mississippi Constitution of 1890, and consistent with the Code of Judicial Conduct, Canon 3E, and the recusal policy of [the Court of Appeals]."[4]

¶4.     On July 10, 2003, Doe filed a motion requesting the Court of Appeals to take en banc action by reconsidering the recusal issue, vacating Judge Griffis's order denying recusal, and requiring Judge Griffis to recuse himself from further participation on the merits of this case. On August 22, 2003, the Court of Appeals, by a 4-1-5 vote, denied Doe's Motion for the Court of Appeals to Reconsider the Order Denying [Doe's] Motion to Recuse.[5]

¶5.     On September 5, 2003, Doe's counsel filed a motion requesting this Court to review the Court of Appeals' order denying reconsideration of Judge Griffis's refusal to recuse himself in this case.  However, while this Court had Doe's motion under consideration, Doe, on October 10, 2003, filed a motion with this Court requesting that then-Presiding Justice James W. Smith, Jr.,[6] then-Justice Kay B. Cobb,[7] and Justice George C. Carlson recuse themselves from participation in this case because they were among the justices

---

[3]Doe's attorney is a past president of the Mississippi Trial Lawyers Association.

[4]On August 12, 2003, with the permission of the en banc Court of Appeals, Judge Griffis filed in this cause a separate statement fully explaining his reasons for previously denying Doe's motion for recusal.

[5]The order denying the motion for reconsideration was signed by Judge Billy G. Bridges, and joined by Judge James E. Thomas, Judge L. Joseph Lee, and Judge William H. Myers.  Presiding Judge Leslie D. King dissented with separate written statement, finding that Judge Griffis should recuse himself, and Judge Tyree Irving recused himself, with separate written statement, for the purpose of the motion only.

[6]Justice Smith became Chief Justice on April 1, 2004.

[7]Justice Cobb became a Presiding Justice on April 1, 2004.

who filed a complaint with the Mississippi Commission on Judicial Performance against then-Presiding Justice Charles R. (Chuck) McRae, the father-in-law of Doe's attorney.[8] Based on the filing of Doe's motion requesting three justices of this Court to recuse themselves from this case, it was necessary to delay consideration of the recusal issue pertaining to Judge Griffis until such time as the recusal motion against the justices of this Court had been resolved.

¶6.     While the recusal issues pertaining to a Court of Appeals judge and three Supreme Court justices were under consideration by this Court, the Court of Appeals, on November 18, 2003, handed down a decision on the merits in *Doe II*.[9] In an opinion authored by Judge Bridges and joined by Presiding Judge King and Judges Thomas, Irving, Myers and Griffis (Chief Judge McMillin, Presiding Judge Southwick, and Judges Lee and Chandler not participating), the trial court's grant of summary judgment in favor of the Stegalls and against Doe was again reversed and remanded to the trial court. Judge Griffis wrote a separate concurring opinion offering additional considerations for the trial judge upon remand. Notwithstanding this favorable ruling from the Court of Appeals (again, one which was joined by Judge Griffis), and notwithstanding the pendency of Doe's previously filed motion for recusal of certain Supreme Court justices, Doe filed with the Court of Appeals a motion to strike Judge Griffis's special concurring opinion since the M.R.A.P. 48C(b) recusal issue on Judge Griffis was still pending before this Court. Of course, that issue was still pending before us because we could take no further action on it until we had resolved the recusal issue on three Supreme Court justices as raised by Doe. In any event, by en banc order signed by Presiding Judge King and entered on December 5, 2003, the Court of Appeals denied

---

[8]Then-Chief Justice Edwin Lloyd Pittman and then-Justice William L. Waller, Jr., had already recused themselves from the case on the merits. Chief Justice Pittman retired on March 31, 2004. Presiding Justice McRae's term ended on January 5, 2004 on which date Justice Waller became Presiding Justice.

[9]*Doe v. Stegall*, 2003 WL 22707337 (Miss. Ct. App. Nov. 18, 2003) (motion for rehearing pending).

Doe's "Motion to Strike Concurring Opinion of Judge Griffis and Supplement to Motion to Strike Concurring Opinion of Judge Griffis."

¶7. Finally, by separate orders entered on February 5, 2004, by then-Presiding Justice Smith and then-Justice Cobb and Justice Carlson, Doe's motions for recusal as to each of these Justices were denied. Doe's motion for rehearing was also denied.

## DISCUSSION

¶8. With this procedural backdrop, we now focus on the recusal issue relating to Judge Griffis. Again Doe's Motion for Recusal asking that Judge Griffis be recused from participating in this case focused on two incidents occurring during Judge Griffis's successful 2002 judicial campaign for the position he now occupies on the Court of Appeals. First, according to allegations in the recusal motion and attached media documentation, Judge Griffis, during the weekend immediately prior to his election, distributed campaign fliers which stated, inter alia, that Judge Griffis "would 'fight the special interest groups – like the personal injury lawyers who have created the 'lawsuit industry.'" Indeed, the Special Committee on Judicial Election Campaign Intervention (Special Committee)[10] did in fact issue a press release finding that Judge Griffis's distribution of these fliers with this language violated the applicable provisions of the Mississippi Code of Judicial Conduct. The other campaign issue referenced by Doe, pertained to Judge Griffis having referred to his judicial campaign opponent as a former President of the Mississippi Trial Lawyers Association (MTLA), a position likewise previously held by Doe's attorney.

¶9. The Stegalls responded to Doe's motion contending that a reasonable person would not question Judge Griffis's impartiality as he had previously ruled in favor of parties represented by personal injury

---

[10]See Canon 5F of the Mississippi Code of Judicial Conduct, as amended, April 4, 2002.

attorneys. The Stegalls also argued that this recusal would set a precedent causing Judge Griffis to recuse himself from all future cases where personal injury lawyers were involved.

¶10. This Court applies the manifest error standard when reviewing a judge's refusal to recuse himself. *Bredemeier v. Jackson*, 689 So.2d 770, 774 (Miss. 1997) (citing *Davis v. Neshoba County Gen. Hosp.*, 611 So.2d 904, 905 (Miss. 1992)). Pursuant to the Code of Judicial Conduct, a judge must disqualify when that judge's "impartiality might be questioned by a reasonable person knowing all the circumstances . . . including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Code of Judicial Conduct, Canon 3(E)(1). The test for recusal has been stated as follows: "[W]ould a reasonable person, knowing all the circumstances, harbor doubts about the judge's impartiality?" *In re Conservatorship of Bardwell,* 849 So.2d 1240, 1247 (Miss. 2003); *Bredemeier*, 689 So.2d at 774 (citing *Frierson v. State*, 606 So.2d 604, 606 (Miss. 1992); *Rutland v. Pridgen*, 493 So.2d 952, 954 (Miss. 1986)). This Court presumes a judge to be qualified and unbiased, and that presumption must be overcome by evidence producing a "reasonable doubt" about the validity of the presumption. *Turner v. State*, 573 So.2d 657, 678 (Miss. 1990).

¶11. In *Rogers v. Morin*, 791 So. 2d 815 (Miss. 2001), Morin accused the chancellor of expressing his opinions about her and concluding that she lacked credibility. This Court held that there was no evidence in the record which would cause a reasonable person to have doubts about the chancellor's impartiality. *Id.* at 821. Therefore, this Court found that the chancellor did not abuse his discretion in failing to recuse himself from the case. *Id.*

¶12.    In *Murphree v. Cook*, 822 So. 2d 1092 (Miss. Ct. App. 2002), the Court of Appeals held that the chancellor did not abuse his discretion in failing to recuse himself after the chancery clerk of the county testified as a witness. The court found that because the chancellor "specifically indicated that he could hear the testimony and give it no greater weight than he would any other evidence", there was no evidence that the chancellor, who resided in another county, was manifestly wrong in his decision not to recuse himself from the case. *Id.* at 1100.

¶13.    In *Burnham v. Stevens*, 734 So. 2d 256 (Miss. Ct. App. 1999), the Burnhams filed a motion to recuse the trial judge from their suit alleging, inter alia, that Mr. Burnham and the judge had engaged in "verbal combat" during the judge's election campaign, that the judge had previously ruled on this matter when he was a municipal judge, and that Mr. Burnham and the judge had previously spoken before the matter had been dismissed wherein the judge told Mr. Burnham that he did nothing wrong. *Id.* at 262. Because the Burnhams called no witnesses to testify at the recusal hearing, their counsel's statements were dismissed as hearsay. *Id.* The trial judge addressed all issues presented and denied the conversations and confrontations alleged by the Burnhams. *Id.* at 263. "Given the presumption of the judge's impartiality and the apparent hearsay nature of the evidence regarding the alleged reasons for recusal," the Court of Appeals found "no manifest abuse of discretion by the trial judge when he denied the Burnhams' motion that he recuse himself." *Id.*

¶14.    M.R.A.P. 48C, which became effective October 17, 2002, states in part:

> **(a) Disqualification of Justices and Judges of the Supreme Court or Court of Appeals.**
> (i) Any party may move for the recusal of a justice of the Supreme Court or a judge of the Court of Appeals if it appears that the *justice or judge's impartiality might be questioned by a reasonable person knowing all the circumstances*, or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law. A motion seeking recusal shall be filed with an affidavit of the party or, if the party is

represented, by the party's attorney setting forth the factual basis underlying the asserted grounds for recusal and declaring that the motion is filed in good faith and that the affiant truly believes the facts underlying the grounds stated to be true.

(iii) Motions for recusal shall be decided in the first instance by the justice or judge who is the subject of the motion. The remainder of the court on which such justice or judge serves shall, prior to the order being entered, be informed of a decision of a justice to deny recusal, and such decision shall be subject to review by the entire court upon motion for reconsideration filed within 14 days following the issuance of an order denying recusal.

**(b) Supreme Court Review of Orders of the Court of Appeals Addressing recusal of Judges.** No decision concerning the recusal of a judge of the Court of Appeals shall be subject to review by the Supreme Court unless, upon timely motion, the Court of Appeals has denied reconsideration of the motion. A party may, within 14 days following the denial of reconsideration by the Court of Appeals, file a motion with the Supreme Court seeking further review, and the Supreme Court, en banc, shall promptly consider such recusal. Such motion for further review by the Supreme Court shall be accompanied by a copy of the order entered by the judge who is the subject of the motion for recusal, the order denying reconsideration, and the motions for recusal and reconsideration by the Court of Appeals.

(emphasis added). Therefore, the question which must be decided by this Court is whether Judge Griffis's impartiality might be questioned by a reasonable person knowing all of the circumstances involved.

¶15.    Judge Griffis's voting record during his tenure on the Court of Appeals does not indicate that he lacks impartiality towards a personal injury plaintiff represented by a personal injury lawyer. In *Rogers v. Rausa*, No. 2001-CA-01760-COA, 2003 WL 21790237 (Miss. Ct. App. Aug. 5, 2003), *pet. for cert. filed,* (Miss. Nov. 19, 2003), Judge Griffis concurred with the majority of the court in affirming a jury verdict of $100,000 in favor of the plaintiff for personal injuries received in an automobile accident. Again, the plaintiff was represented by two personal injury lawyers. In *Wilkins v. Bloodsaw*, 850 So. 2d 185 (Miss. Ct. App. 2003), Judge Griffis concurred with the majority of the court in reversing the trial court's grant of summary judgment in favor of the defendants in a premises liability case where the plaintiff received personal injuries. Two of the plaintiff's lawyers were members of the MTLA and practiced

personal injury law, like Doe's attorney. In ***Moore v. K & J Enterprises***, 856 So.2d 621 (Miss. Ct. App. 2003), *cert. granted*, 860 So.2d 1223 (Miss. 2003), Judge Griffis concurred with the majority of the court in reversing the trial court's grant of a directed verdict in favor of the defendant in a personal injury lawsuit.[11] Indeed, we must also remember that in today's case, Judge Griffis not only voted in Doe's favor on the merits by concurring with the majority opinion which reversed and remanded this case to the trial court, thus keeping Doe's case viable, but Judge Griffis also wrote a separate concurring opinion to offer guidance to the trial court upon remand.

¶16.    Therefore, based on the limited record before us on this issue, the reasons stated, and the Code of Judicial Conduct, the rules and the applicable case law, we conclude that a reasonable person, knowing all the circumstances, could not question Judge Griffis's impartiality. Therefore, the Court of Appeals did not err in denying the motion to reconsider Judge Griffis's denial of the recusal motion.

**CONCLUSION**

¶17.    For these reasons, we deny Doe's motion for further review.

¶18.    **MOTION FOR FURTHER REVIEW BY THE MISSISSIPPI SUPREME COURT OF THE COURT OF APPEALS' ORDER TO DENY RECONSIDERATION OF THE ORDER DENYING APPELLANT'S MOTION TO RECUSE, DENIED.**

   **SMITH, C.J., COBB, P.J., EASLEY AND DICKINSON, JJ., CONCUR. WALLER, P.J., DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**

---

[11]Judge Griffis stated in his August 12, 2003, separate statement permitted by the en banc Court of Appeals that the reference to campaign fliers was taken out of context and that he did not single out personal injury lawyers. Additionally, while Doe's motion before us focuses on Judge Griffis's campaign fliers referring to personal injury lawyers, we mention here that as to the other issue, Judge Griffis responded in his August 12, 2003, separate statement that he was not attacking his judicial campaign opponent because of his being a former MTLA president, but instead, he was attacking his opponent for his lack of candor in failing to reveal his membership in various associations. Judge Griffis stated that he had revealed to the voters during the judicial campaign inter alia that he (Judge Griffis) was a former member of both the MTLA and the Mississippi Defense Lawyers Association.

9