LEE, J.,
for the Court.
FACTS
¶ 1. On October 23, 2001, an armed man robbed Jennifer Simmons, a bank teller at the National Bank of Commerce in Lowndes County. Witnesses described the perpetrator of the crime as a “heavyset black male wearing a baseball cap.” He was described as driving an older model brown car, accompanied by another black male. Deputy Greg Porter received information regarding the armed robbery over his police radio and proceeded towards the bank. En route to the bank, Deputy Porter spotted a vehicle matching the description of the suspected vehicle heading in the opposite direction. Deputy Porter only saw one black male driving the car; however, as he approached the vehicle, another black male sat up suddenly from the back seat of the car and ducked down quickly when he spotted Deputy Porter. The car swerved off the road to circumnavigate another vehicle, and sped down the road. Deputy Porter reported the vehicle and the evasive action over his radio and proceeded to pursue the car. The vehicle was apprehended by the sheriff and another deputy who had blocked off the road in response to Deputy Porter’s broadcast. Smith and the other passenger were arrested, and a duffel bag filled with cash was obtained from the car.
¶2. Jack was convicted of armed robbery; however, the jury was unable to agree on a sentence. The trial judge, Judge Howard, sentenced Jack to twenty-five years. Aggrieved, Jack has filed this appeal.
DISCUSSION OF ISSUES
I. DID THE TRIAL COURT ERR IN FAILING TO RECUSE HIMSELF DUE TO THE FACT THAT HIS WIFE WAS EMPLOYED BY A BANK HOLDING COMPANY AS A MARKETING OFFICER AND THE HOLDING COMPANY WAS THE SOLE OWNER OF THE BANK THAT WAS THE VICTIM OF THE ROBBERY?
¶ 8. Jack argues that the trial judge erred in refusing to recuse himself from the case. Jack argues that recusal was proper because Judge Howard’s wife, Mary, is employed by a holding company which operates a number of banks throughout Mississippi and Alabama.
¶ 4. Canon 3(C)(1) of the Code of Judicial Conduct requires disqualification of a judge when his or her “impartiality might be questioned by a reasonable person knowing all the circumstances.... ” Code of Judicial Conduct, Canon 3(C)(1). The proper standard is that recusal is required when the evidence produces a reasonable doubt as to the judge’s impartiality. Dodson v. Singing River Hosp. Sys., 839 So.2d 530, 533(¶9) (Miss.2003). This Court presumes that a judge, sworn to administer impartial justice, is qualified and unbiased. Id. To overcome the presumption, the evidence must produce a “reasonable doubt” about the validity of the presumption. Turner v. State, 573 So.2d 657, 678 (Miss.1990). This Court reviews a judge’s refusal to recuse himself using the manifest error standard. Davis v. Neshoba County Gen. Hosp., 611 So.2d 904, 905 (Miss.1992).
¶ 5. In denying the motion, Judge Howard reasoned that he was not obligated to recuse himself from the case because Mrs. Howard was not employed by the bank which was the victim of the robbery, in *1080 stead his wife worked for NBC Capital Corporation, a holding company which operates a number of banks. The judge ruled:
The holding company administers certain functions of all those banks on a broad basis, but does not have anything to do on a day to day operation. My wife works as a vice president of marketing at the holding corporation in Starkville, Mississippi. Her jobs have nothing to do with the operations of the bank other than marketing functions.
Because his wife had nothing to do with the day-to-day affairs of the bank which was robbed, and because neither he nor his wife had an interest which would be substantially affected by the outcome of the trial, Judge Howard denied the motion to recuse himself.
¶ 6. Jack argues that “Judge Howard seemed more concerned about financial impacts to the bank or financial connections to his family, than in recognizing the appearance of a partiality.” Jacks then broadly states that “[t]he presumption of partiality therefore disappeared and Judge Howard should have recused himself.” This argument lacks merit. The party seeking a recusal is responsible for presenting evidence which questions a judge’s impartiality. The presumption of impartiality does not dissolve merely because in making his determination not to recuse himself Judge Howard considered his wife’s relationship to NBC Capital Corporation.
¶ 7. Jack points out that Judge Howard does not preside over civil matters affecting the NBC Capital Corporation, especially matters involving corporate officers and complex civil litigation. Judge Howard’s recusal in civil matters bears little weight in determining whether he should hear a criminal case regarding a bank owned by NBC. Clearly the outcome of a civil matter involving the NBC Capital Corporation would fall squarely within Cannon 3 E(l)(c), which requires recusal if a judge knows that the judge or the judge’s spouse “has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding....” As a vice president of marketing, Mrs. Howard could have an interest which might be affected by some civil litigation; however, that is not the scenario before this Court. Mrs. Howard has no interest — financial or otherwise — in the outcome of Jack’s criminal prosecution.
¶ 8. Jack argues that Judge Howard’s bias was evidenced by Jack’s sentence of twenty-five years in the state penitentiary. This argument lacks merit as well. Mississippi Code Annotated Section 97-3-79 (Rev.2000) specifically calls for a life sentence if the jury so determines; however, in the event a jury is unable to fix the penalty, the court shall fix the penalty “for any term not less than three years.” Id. A judge clearly has discretion in determining a sentence for armed robbery when a jury has been unable to decide on a sentence. Lawson v. State, 748 So.2d 96, 99 (¶¶ 8-10) (Miss.1999). By statute the judge may have sentenced Jack up to one year less than a life sentence. Lenox v. State, 727 So.2d 753, 760 (¶¶51, 52) (Miss.Ct.App. 1998). The sentence of twenty-five years was within the statutory guidelines and does not evidence bias on behalf of Judge Howard.
¶ 9. Jack has failed to present a reasonable doubt as to Judge Howard’s impartiality. Mrs. Howard was not the victim of the robbery, Mrs. Howard was not affected by the robbery, Mrs. Howard was not involved in the robbery, and Mrs. Howard has no interest which would be affected by the outcome of this criminal prosecution. *1081 Judge Howard did not abuse his discretion in refusing to recuse himself.
II. DID THE TRIAL COURT ERR IN FAILING TO SUPPRESS CERTAIN PHYSICAL EVIDENCE PURSUANT TO A STOP OF THE DEFENDANT’S AUTOMOBILE AND THE STATE-' MENTS MADE AFTER THE POST-STOP ARREST?
¶ 10. Jack argues that the court erred in denying his motion to suppress certain evidence that was obtained after he and the other suspect fled from the police and were subsequently stopped by a roadblock. The record reflects that Greg Porter, a Lowndes County deputy sheriff, was on normal patrol when he received a report of the robbery via his radio. The report included the description of an older model brown car. A second report included a description of two black males, one with a baseball hat. As Deputy Porter approached the bank with his lights flashing and siren blaring, he spotted an older model brown car driven by a black male traveling in the opposite direction.
¶ 11. Deputy Porter testified that as he approached the car another black male sat up suddenly from the back seat and then quickly ducked down on the seat. Instead of yielding to the sheriffs lights and siren, the car swerved off the road in an attempt to drive around another car which had pulled to the side of the road in response to the blue lights. Deputy Porter then called in a description of the vehicle and turned around to pursue the car in question. Deputy Nelson and Sheriff Howard formed a road block in response to Deputy Porter’s radio report that an older model brown car had taken evasive action. Once the vehicle was stopped, Deputy Porter spotted in plain view an open duffle bag filled with rolls of cash.
¶ 12. Jack argues that this was nothing more than a random stop of a vehicle with black males inside; therefore, the stop lacked probable cause and the resulting evidence should have been suppressed. Jack cites Smith v. State, 240 Miss. 738, 128 So.2d 857 (1961), in support of this contention. In Smith, a sheriff noticed a Chevrolet Impala driving slowly down a street. The Impala stopped, and the driver signaled for the sheriff to pull up next to him. When the sheriff drew close to the car, the driver sped away. The sheriff immediately began pursuing the car. The sheriff and another patrolman caught the Impala and arrested Smith, who was driving. Smith was convicted for the possession of burglary tools which were discovered in the car after Smith was arrested and placed in jail. The Mississippi Supreme Court overturned the conviction, finding that the evidence in the case disclosed that the officer had no reason to believe that the person driving the Impala had committed a crime. Id. at 743, 128 So.2d 857, 859.
¶ 13. For an officer to have legal authority for an investigative stop, he need not have probable cause to make an arrest. He need only have a reasonable suspicion that the accused is involved in a felony. Haddox v. State, 636 So.2d 1229, 1233 (Miss.1994) (citing Floyd v. State, 500 So.2d 989, 993 (Miss.1986)). The case sub judice is clearly distinguishable from Smith because, unlike the officer in Smith, Deputy Porter knew that an armed robbery had just occurred, that the suspects were fleeing in an older model brown car, and that the suspects were heavy-set black males. Deputy Porter clearly had information sufficient to constitute reasonable suspicion that the men in the car had been involved in the bank robbery; therefore, Deputy Porter clearly had reasonable suspicion sufficient to make an investigative stop.
*1082 ¶ 14. Once Jack refused to yield to the lights and siren and fled, Deputy Porter, who already possessed a reasonable suspicion, also obtained probable cause. Mitchell v. State, 792 So.2d 192, 204(¶ 46) (Miss.2001), relying on Sibron v. New York, 392 U.S. 40, 66-67, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). The Supreme Court has found that fleeing from law enforcement is a factor to be considered in making an arrest.
[Deliberately furtive actions and flight at the approach of strangers or law officers are strong indicia of mens rea, and when coupled with specific knowledge on the part of the officer relating the suspect to the evidence of crime, they are proper factors to be considered in the decision to make an arrest.
Sibron, 392 U.S., at 66-67, 88 S.Ct. 1889. The description of the suspect’s car, the description of the suspects, and Jack’s flight combined to constitute probable cause for his arrest; therefore, the arrest was valid and the trial judge did not err in refusing to suppress the evidence obtained therefrom. This assignment of error is without merit.
¶ 15. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO LOWNDES COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.