758 So.2d 463 (2000)
Rickey DAVIS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-CP-01735-COA.
Court of Appeals of Mississippi.
April 11, 2000.
*464 Rickey Davis, Appellant, pro se.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., LEE, AND MOORE, JJ.
LEE, J., for the Court:
¶ 1. Rickey Davis was indicted for armed robbery and two counts of uttering a forgery. Ultimately, Davis pled guilty to one count of uttering a forgery and was sentenced to serve eight years in the custody of the Mississippi Department of Corrections, as well as pay court costs in the total sum of $246. Davis filed a petition for post-conviction relief which was denied by the circuit court. Davis now files his pro se brief and asserts the following errors on appeal (1) whether Davis was denied effective assistance of counsel, (2) whether Davis's guilty plea was voluntary and knowing, (3) whether Davis was improperly denied a preliminary hearing, (4) whether Davis was denied a speedy trial, and (5) whether the sentence Davis received was excessive and constituted cruel and unusual punishment. Finding these issues to be without merit, we affirm the decision of the lower court.

FACTS
¶ 2. Davis committed the crime of armed robbery against Hubert McNeal. As a result of the robbery against McNeal, Davis obtained two personal checks that had been issued to McNeal from Bennie Ray Newell. One check was in the sum of thirty-six dollars and sixty cents and the other check was in the sum of thirty-six dollars. Davis tendered both of these checks to local stores in the Hazlehurst area, one being the 5 Star and the other Sam's Food Mart, and he received cash in return. Davis was charged and indicted with one count of armed robbery and two counts of uttering a forgery. However, the count of armed robbery and one count of uttering a forgery were remanded to the files, and subsequently dismissed. *465 Therefore, Davis pled guilty to one count of uttering a forgery.

DISCUSSION

I. WHETHER DAVIS WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 3. Davis contends that he was denied effective assistance of counsel because his lawyer was not competent, prompt, or diligent and failed to communicate with him. Davis alleges that he never conversed with his lawyer until his appearance in court to receive sentencing. To prevail on the issue of whether his defense counsel's performance was ineffective requires a showing that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The burden is on the defendant to bring forth proof which demonstrates that both prongs of the Strickland test are met. Moody v. State, 644 So.2d 451, 456 (Miss. 1994). There is a strong but rebuttable presumption that counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 456. Accordingly, appellate review of counsel's performance is "highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. "The deficiency and any prejudicial effect are assessed by looking at the totality of the circumstances." Carney v. State, 525 So.2d 776, 780 (Miss.1988). When this Court reviews the totality of the circumstances revealed in the record, we find that Davis has failed to meet his burden and substantiate the facts argued essential to proving deficiency and prejudice.
¶ 4. Davis acknowledged in his guilty plea that his attorney had consulted with him about the crime charged, the facts and circumstances surrounding the crime charged, and all possible defenses if they went to trial. Additionally, Davis acknowledged that he was satisfied with his attorney's services. Furthermore, it appears that prior to the day of the guilty plea hearing, Davis was originally charged with a three count indictment involving armed robbery and two counts of uttering a forgery. Davis only pled guilty to one count of uttering a forgery. Davis does not explain how this plea was a result of deficient conduct on the part of his attorney or how he was prejudiced.
¶ 5. Miss.Code Ann. § 99-39-9(e) (Rev.1994) requires that the prisoner supply information regarding "how or by whom said facts will be proven." This could be done through affidavits of witnesses who will testify, copies of records or documents offered, or if none of this information can be provided the prisoner must specifically state why, what has been done to try and obtain them and a request that the court excuse there absence. Miss. Code Ann. § 99-39-9(e) (Rev.1994). Davis has no additional affidavits and failed to instruct the trial court and this Court of how or by whom he would prove the facts on which he bases his claim of ineffective assistance of counsel. Davis also argues that he was denied a preliminary hearing and a speedy trial; however, as discussed below we find these issues are not only barred, but are also waived and without merit due to Davis's voluntary guilty plea. Therefore, Davis's claim of ineffectiveness of counsel would fail based on the arguments of denial of a preliminary hearing and speedy trial. Davis also mentions motions for change of venue, motion for independent psychological evaluation, motion to make ex parte application for expert assistance, motion for additional attorney appointment and motion for discovery, and motion for a lesser offense; however, Davis does not enumerate how these motions are relevant to his case. Davis cites only this list and gives no specific facts or law to prove prejudice. Accordingly, we find this issue to be without merit.

*466 II. WHETHER DAVIS'S GUILTY PLEA WAS VOLUNTARY AND KNOWING.
¶ 6. Davis contends that his guilty plea was not voluntary and knowing because he was coerced into pleading guilty. The question of whether a plea was voluntarily and knowingly made is a question of fact. Davis bears the burden of proving by a preponderance of the evidence that he is entitled to relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989). It is important to remember that the remedy which is being sought is to set aside a final judgment which has been entered upon a plea of guilty given in open court, following the thorough efforts of a trial judge to ensure that such plea is knowing and voluntary.
¶ 7. If the defendant is advised regarding the nature of the charge against him and the consequences of the entry of the plea, it is considered "voluntary and intelligent." Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992); see also Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). In other words, the defendant must be instructed that a guilty plea waives his rights to a jury trial, to confront adverse witnesses, and protection against self-incrimination. Alexander, 605 So.2d at 1172. Additionally, the Mississippi Supreme Court in Roland v. State, 666 So.2d 747, 751 (Miss.1995), relied on the holding in Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992), for the premise that an evidentiary hearing regarding voluntariness to a guilty plea becomes necessary if the plea hearing fails to show that the petitioner was advised of the rights of which he allegedly asserts ignorance. It appears that Davis bases his argument of coercion on the fact that pictures were taken of him at the county jail, and he was afraid they would be presented in court to identify him. Additionally, Davis states that his "confession was not voluntary when he had an officer standing behind [his] back with a flashlight threatening [him]," and because he was intoxicated on alcoholic beverages and not in his right state of mind because of past head injuries that caused a nervous condition. Although this Court is not clear as to whether the word "confession" used by Davis refers to his guilty plea, we will address it as if it does.
¶ 8. The record of the guilty plea hearing does not show coercion, intimidation, or confusion. Instead, the record reveals that the learned trial judge sufficiently questioned Davis as to his understanding of the effect of his guilty plea relative to his rights and possible sentence prior to accepting his plea. Additionally, Davis was not only informed of the crime he was being charged with at the guilty plea hearing and the consequences and deprivation of his rights therefrom, he also signed a guilty plea petition prior to the plea hearing which enumerated these terms. Furthermore, Davis stated under oath at the guilty plea hearing that he had not been threatened or had any type of force or intimidation used against him to cause him to plead guilty and was entering the guilty plea because he was guilty. Davis also testified that he was not under the influence of any drugs or alcohol at the time of his plea. Finally, Davis acknowledged that his attorney had consulted with him about the crime charged, the facts and circumstances surrounding the crime charged and all possible defenses if they went to trial. This issue is without merit.

III. WHETHER DAVIS WAS IMPROPERLY DENIED A PRELIMINARY HEARING.
¶ 9. Davis argues that the trial court erred in denying him a preliminary hearing; however, Davis is barred on this issue under two premises of law. The first premise deals with the timeliness of the assertion by Davis of denial of a preliminary hearing. "Before an issue may be assigned and argued here, it must first have been presented to the trial court. Where the issue has not been timely presented below, it is deemed waived. The point is thus said to be procedurally barred when urged here." Read v. State, *467 430 So.2d 832, 838 (Miss.1983). Davis failed to present this issue to the trial court in his post-conviction collateral relief petition and it is barred on appeal. The second premise barring Davis's claim is the fact that Davis entered a voluntary plea of guilty to the charge of uttering a forgery which waived his right to later assert this issue. In Banana v. State, 635 So.2d 851, 853 (Miss.1994), the Mississippi Supreme Court acknowledged that there are only two exceptions to the rule that entry of a guilty plea waives defects. Those exceptions being if the indictment does not contain an essential element of the crime, or if there is no subject matter jurisdiction. Id. The court in Banana continued and quoted Anderson v. State, 577 So.2d 390, 391 (Miss.1991) stating: "that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." Id. at 853-54. This Court finds this issue to be without merit.

IV. WHETHER DAVIS WAS DENIED A SPEEDY TRIAL.
¶ 10. Davis argues that he was denied his right to a speedy trial; however, Davis never invoked his statutory or constitutional right to a speedy trial. Just as in issue two, Davis is not only procedurally barred, but the entry of the voluntary guilty plea waived his right to a speedy trial. See Read v. State, 430 So.2d 832, 838 (Miss.1983) (procedural bar); Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991) (holding that the right to a speedy trial was a non-jurisdictional defect, and a valid guilty plea waived an individual's right to a speedy trial whether it is statutory or constitutional.) Therefore, this issue is without merit.

V. WHETHER THE SENTENCE DAVIS RECEIVED WAS EXCESSIVE AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT.
¶ 11. Davis argues that since he only pled guilty to one count of uttering a forgery, and the check was in the sum of thirty-six dollars, that the trial judge's sentence of eight years is excessive. Davis argues that because of the amount of the check involved in the case at bar he should have been sentenced to not more than twelve months. However, Miss.Code Ann. § 97-21-33 (Rev.1994) grants the trial judge discretion in sentencing individuals. When an individual has uttered a forgery in the total sum of less than one hundred dollars the trial judge "may" punish an individual by imprisonment in a county jail with a sentence of not more than twelve months. Miss.Code Ann. § 97-21-33 (Rev.1994). However, the statute allows the trial judge to sentence an individual convicted of uttering a forgery to the maximum of fifteen years. Miss.Code Ann. § 97-21-33 (Rev.1994). Therefore, the sentence of eight years which Davis received was within the statutory authority of the trial judge. We find this issue is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY DENYING POST CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.