LEE, J.,
for the Court:
¶ 1. Ricky Guyton pled guilty to capital rape. Thereafter, Guyton filed a motion for post-conviction relief requesting the court to vacate his conviction and sentence. The Circuit Court of Lee County entered an order denying Guyton’s motion for post-conviction relief. Guyton filed a timely pro se appeal and argues that the trial court erred when it denied his motion for post-conviction relief and asserts the following issues (1) whether Guyton’s plea of guilty was knowingly and voluntarily entered before the trial court, and (2) whether Guyton received ineffective assistance of counsel. Finding these issues to be without merit, we affirm the decision of the trial court.
FACTS
¶ 2. Guyton pled guilty to capital rape of a female relative under the age of fourteen. Guyton was sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC). Subsequently, Guyton filed a petition for post-conviction collateral relief in the Circuit Court of Lee County.
¶ 3. The petition filed by Guyton alleged that his conviction and sentence should be vacated for two reasons: (1) his guilty plea was not knowing and voluntary, and (2) he had ineffective assistance of counsel. Guy-ton stated numerous facts to support his arguments.
¶ 4. First, Guyton contended that his guilty plea was not knowing and voluntary because an investigator with the Department of Human Services (DHS) had threatened Guyton by declaring that DHS was going to remove the alleged victim from her mother’s care if he did not confess to the crime. Additionally, Guyton argues that he was coerced to plead guilty when his attorney informed him that if he did not accept the thirty years offered by the State there was another rape charge pending, and he might be sentenced to sixty years. Furthermore, Guyton claims that he was induced into pleading guilty because his attorney improperly informed him that if he entered a plea of guilty he would receive a thirty year sentence, and under the eighty-five percent rule he would receive parole in ten years. As aforementioned, Guyton also asserted numerous facts in an attempt to support his argument of ineffective assistance of counsel.
¶ 5. Guyton stated that his attorney was ineffective because he did not prepare a defense. Guyton contends that his attorney had only visited with him once which was on the day of the guilty plea hearing. Guyton also alleged that his attorney did not conduct discovery and could not even recite the facts of his case. Additionally, Guyton stated that if his attorney had obtained an order suppressing his statement to investigators he would not have pled guilty. Furthermore, Guyton claims that he informed his attorney that the victim and her mother would exonerate him, and his counsel took no action to bring this information forward. Guyton claims that because of all the previously mentioned reasons, he is entitled to have his conviction and sentence vacated and be *36 granted a jury trial. Any additional facts will be discussed as necessary to resolve the issues presented on appeal by Guyton.
DISCUSSION
I. WHETHER GUYTON’S PLEA OF GUILTY WAS KNOWINGLY AND VOLUNTARILY ENTERED BEFORE THE TRIAL COURT.
¶ 6. As previously discussed, Guy-ton has asserted that his plea of guilty was involuntary because of alleged inaccurate information regarding sentencing from his attorney and coercion from the Mississippi Department of Human Services since the department informed him that the rape victim would be removed from her home if he did not plead guilty. Additionally, Guy-ton argues that he was coerced to plead guilty when his attorney informed him that if he did not accept the thirty years offered by the State there was another rape charge pending, and he might be sentenced to sixty years. However, Guyton primarily relies on his contention that his attorney informed him that he would receive a thirty year sentence and incorrectly informed him that under the eighty-five percent rule he would receive parole in ten years. Guyton asserts that if he had known at the time of his guilty plea that he would not receive parole in ten years, he would not have pled guilty.
¶ 7. If the defendant is advised regarding the nature of the charge against him and the consequences of the entry of the plea, it is considered “voluntary and intelligent.” Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992); see also Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). In other words, the defendant must be instructed that a guilty plea waives his rights to a jury trial, to confront adverse witnesses, and protection against self-incrimination. Alexander, 605 So.2d at 1172. Additionally, the Mississippi Supreme Court in Roland v. State, 666 So.2d 747, 751 (Miss.1995), relied on the holding in Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992), for the premise that an evi-dentiary hearing regarding voluntariness to a guilty plea becomes necessary if the plea hearing fails to show that the petitioner was advised of the rights of which he allegedly asserts ignorance. A review of the record reveals that Guyton was informed of all of the aforementioned rights.
¶ 8. The question of whether a plea was voluntarily and knowingly made is a question of fact. Guyton bears the burden of proving by a preponderance of the evidence that he is entitled to relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989). It is important to remember that the remedy which is being sought is to set aside a final judgment which has been entered upon a plea of guilty given under oath in open court, following the thorough efforts of a trial judge to ensure that such plea is knowing and voluntary.
¶ 9. The record discloses that the trial judge sufficiently questioned Guyton as to his understanding of the effect of his guilty plea relative to his rights and possible sentence prior to accepting his plea. Guy-ton was not only informed of the crime he was being charged with at the guilty plea hearing and the consequences and deprivation of his rights therefrom, the trial court further provided Guyton the opportunity to forego his guilty plea hearing and proceed to trial numerous times. The trial judge stated as follows:
THE COURT: Now, is there anything about this that should indicate to me that that’s not the case; that is, that you are not doing this freely and voluntarily or that you don’t understand what’s happening here?
ANSWER: No, sir.
THE COURT: I have been deluged with persons who pled guilty here and when they get to the penitentiary, they suddenly remember that something was wrong with what took place here. I want to get it straightened out before you go. Do you understand that?
ANSWER: Yes, sir.
*37 THE COURT: So, if there’s anything about this that you don’t understand, if anything has happened and you feel like you’re pressured or have to do this, I want you to tell me that.
ANSWER: No, sir.
¶ 10. The record also reveals that the district attorney, in the presence of Guy-ton, recommended as punishment for the crime of capital rape, a sentence of thirty years in the custody of MDOC, as well as retiring any further indictments returned by the grand jury for sexual acts against other individuals to the files. In response to the State’s recommendation, the trial court informed Guyton that it was not bound by this recommendation and could impose any term less than his natural life expectancy. The record of the guilty plea hearing does not reveal that any statements were made by the State, the trial court, Guyton, or his attorney regarding his right to receive probation in ten years. Additionally, when the trial court queried Guyton regarding whether anyone had threatened or promised him anything in order to get him to plead guilty, his response was in the negative. Therefore, this Court determines this issue is without merit.
II. WHETHER GUYTON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 11. Guyton contends that he received ineffective assistance of counsel because his attorney failed to prepare a defense, and he only visited with him once prior to his guilty plea which was on the day of the hearing to enter said plea. Guyton further asserts that his attorney was ineffective because he informed him that he would receive a thirty year sentence and that under the eighty-five percent rule, he would receive parole in ten years.
¶ 12. To prevail on the issue of whether Guyton’s defense counsel’s performance was ineffective it requires a showing that counsel’s performance was deficient and that the defendant was prejudiced by counsel’s mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test “applies to challenges to guilty pleas based on ineffective assistance of counsel.” Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The burden is on the defendant to bring forth proof which demonstrates that both prongs of the Strickland test are met. Moody v. State, 644 So.2d 451, 456 (Miss.1994). There is a strong but rebuttable presumption that counsel’s conduct falls within a wide range of reasonable professional assistance. Id. Accordingly, appellate review of counsel’s performance is “highly deferential.” Strickland, 466 U.S. at 689, 104 S.Ct. 2052. “The deficiency and any prejudicial effect are assessed by looking at the totality of the circumstances.” Carney v. State, 525 So.2d 776, 780 (Miss.1988). When this Court reviews the totality of the circumstances revealed in the record, we find that Guyton has failed to meet his burden and substantiate the facts essential to proving deficiency and prejudice.
¶ 13. This Court acknowledges that during his guilty plea hearing Guyton declared that he was satisfied with the legal services and advice given to him by his attorney. Additionally, contrary to Guyton’s assertion that his attorney was imprudent in preparing a defense, the record reveals several actions taken by his attorney on his behalf. Prior to the entry of Guyton’s guilty plea, his attorney had filed the following documents in an attempt to prepare a defense: (1) motion for appointment of investigator for the defense, (2) motion for disclosure, (3) motion in limine to suppress out of court statements, (4) motion for submission of evidence, (5) motion to quash indictment, (6) offer of proof, and (7) issued numerous criminal subpoenas to individuals commanding their appearance on the day of the anticipated trial (i.e., the day Guyton decided to enter a plea of guilty). We determine that all of this con *38 tributes to his attorney’s trial tactics which we review with great deference. Mohr v. State, 584 So.2d 426, 430 (Miss.1991).
¶ 14. This Court observes that a review of the aforementioned pleadings shows that Guyton’s attorney did have knowledge of specific facts in his case. It is also noted that in response to the request for investigator the trial court granted $600 to conduct an investigation. Additionally, the record reveals that the victim and her mother had been served with subpoenas requiring their appearance in the Circuit Court of Lee County on February 9, 1998.
¶ 15. The fact that the victim and her mother received subpoenas is of significance because Guyton argued that if the alleged victim and her mother would have been present to give testimony they would have declared his innocence, and he would not have pled guilty. The issuance of the subpoenas for their presence in court, and the fact that Guyton still pled guilty negates this assertion. Guyton has failed to prove the first prong of the Strickland test and establish that his attorney’s conduct fell below the standard of reasonable professional assistance. Since Guyton has failed to prove that his attorney’s performance was deficient, we will not address the prejudice prong of the Strickland test. See Pitts v. Anderson, 122 F.3d 275, 279 (5th Cir.1997). Additionally, Guyton failed to enumerate how or by whom he would prove any of his contentions.
¶ 16. Mississippi Code Annotated § 99 — 39—9(l)(e) (Rev.1994) requires that the prisoner supply information regarding “how or by whom said facts will be proven.” This proof can be established through affidavits of witnesses who will testify or copies of records or documents offered; however if none of this information can be provided the prisoner must specifically state why, what has been done to try and obtain it, and a request that the court excuse its absence. Miss.Code Ann. § 99—39—9(1)(e) (Rev.1994). This Court is aware that in Guyton’s “motion for post-conviction to vacate conviction and sentence, he made reference to a letter from his attorney and asserts that he attached the letter as exhibit “A” to his petition; however, the letter is not attached and it is unintelligible as to what Guyton claims its contents would reveal. Guyton has no additional affidavits and has failed to present someone or something to prove his asserted facts. Additionally, Guyton does not explain why this evidence is not present or what was done to try and obtain this information. Furthermore, Guyton did not request the court to excuse the absence of this evidence. Therefore, this issue is without merit, accordingly, we affirm the decision of the trial court.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.