LEE, J.,
for the Court:
¶ 1. On August 12, 1997, a Lee County Circuit Court grand jury indicted the appellant, Annie Traylor, on a charge of sale of cocaine within fifteen hundred feet of a church in violation of Miss. Code Ann. § 41-29-142(1) (Rev.1993). Traylor initially entered a plea of not guilty, but she later withdrew that plea and pled guilty to the charge. She was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections, but was placed in the Intensive Supervision Program. In January 1999, Traylor’s participation in the program was revoked because she tested positive for drug use, which violated a term of the program. Traylor was ordered to serve the -remainder of her sentence in prison. She filed a petition for post-conviction relief in June 2000, but such petition was denied. She now appeals to this Court arguing she was denied effective assistance of counsel.
I. WAS THE APPELLANT DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 2. We review a trial court’s denial of post-conviction relief under a clearly erroneous standard, and we review questions of law de novo. Pace v. State, 770 So.2d 1052 (¶ 4) (Miss.Ct.App.2000). With her brief, Traylor cites many grounds which she suggests show that she was denied effective assistance of counsel: her counsel failed to investigate her claim, allowed her to incriminate herself, did not contest what she found to be unreasonable search and seizure procedures, did not give credence to the witness list she submitted, did not contest the alleged faulty indictment, and did not advise her of the minimum penalties for the crime with which she was charged. Traylor combines and addresses these claims in her argument that her counsel was ineffective, but we first address questions surrounding Traylor’s entry of guilty plea.
¶ 3. The transcript of the plea hearing shows that the judge questioned Traylor, asking whether she was satisfied with her attorney’s performance, which she was, and whether she had been coerced into her plea, which she stated she had not. Traylor acknowledged that she understood the charges against her and that she understood the maximum and minimum penalties she could incur for the crime with which she was charged. The judge accepted her guilty plea and found she had knowingly and voluntarily entered such plea. The question of whether a plea was voluntarily and knowingly made is a question of fact. Guyton v. State, 766 So.2d 33 (¶ 8) (Miss.Ct.App.2000). Reviewing the transcript and, Traylor’s informed responses to the" judge’s questioning, we cannot find any clear error surrounding Traylor’s entry of guilty plea.
¶ 4. We next look to Traylor’s other general allegations concerning instances in which she claims her counsel’s performance was inadequate. The Strickland v. Washington standard governs questions concerning ineffective assistance of counsel: “To prevail on the issue of whether his defense counsel’s performance was ineffective requires a showing that counsel’s performance was deficient and that the defendant was prejudiced by counsel’s mistakes.” Davis v. State, 758 *1239 So.2d 463 (¶ 3) (Miss.Ct.App.2000); see also Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Traylor makes general claims concerning the denial of her constitutional rights with regard to self-incrimination and protection against unreasonable search and seizure; however, she fails to develop these theories to show how she was denied such rights and how her counsel’s defective performance acted to prejudice her case. Traylor claims her indictment was defective because it showed enhancement as an element of the offense charged; however, the crime with which she was charged does carry with it the option to enhance the penalty. Miss.Code Ann. § 41-29-139 (Rev.1993). Also, Traylor claims she was not informed of the minimum sentence for her crime; however, the transcript of the hearing shows the judge explained to her precisely that the sentences for her crime ranged from twice the normal penalty of thirty years in prison and a one million dollar fine down to a minimum fine of $5,000. We find no error here.
¶ 5. In Traylor’s other vague assertions, she fails to show any prejudice she incurred as a result of the alleged deficiencies in her counsel’s performance; thus, we cannot find that her counsel was ineffective as to require our further action in this matter. We find no merit to Traylor’s claims, and we affirm the trial court’s denial of her petition for post-conviction relief.
¶ 6. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LEE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.