904 So.2d 1197 (2004)
Charles Robert GADDIS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02150-COA.
Court of Appeals of Mississippi.
November 2, 2004.
Charles Robert Gaddis (pro se), attorney for appellant.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before LEE, P.J., IRVING and GRIFFIS, JJ.
*1198 GRIFFIS, J., for the Court.
¶ 1. Charles Robert Gaddis pled guilty to attempted residential burglary and escape. He was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections, with five years to serve and five years suspended on good behavior.
¶ 2. Gaddis filed a motion for post-conviction relief, which was denied by the trial court. On appeal, Gaddis asserts the following *1199 errors: (1) his guilty plea was not entered voluntarily, (2) there was no factual basis to support the offenses, and (3) he received ineffective assistance of counsel.

STANDARD OF REVIEW
¶ 3. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002).

I. Whether Gaddis' guilty plea was entered voluntarily

¶ 4. Gaddis argues that his guilty plea was involuntary due to the trial court's failure to advise him of the elements of the crimes to which he pled guilty. This issue is procedurally barred. Mississippi Code Annotated Section 99-39-21(1) (Rev.2000) provides in part that "failure by a prisoner to raise objections, defenses, claims, questions, issues, or errors either in fact or in law which were capable of determination at trial and/or on direct appeal ... shall constitute a waiver thereof and shall be procedurally barred." Because Gaddis did not raise this issue at the time he was sentenced, he waived its consideration on a motion for post-conviction relief. Miss.Code Ann. § 99-39-21(1) (Rev.2000).
¶ 5. Notwithstanding the procedural bar, the record reflects that Gaddis was informed of the charges against him and the possible sentence. Gaddis stated under oath that he understood the consequences of pleading guilty and that no one had made any representations to him regarding his sentence. Statements such as these made in open court under oath are viewed as highly credible. Gable v. State, 748 So.2d 703, 706 (¶ 11) (Miss.1999). Furthermore, if the defendant is advised regarding the nature of the charge and the consequences of the plea, then the plea is considered voluntary and intelligent. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). Therefore, Gaddis' argument that his guilty plea was not entered voluntarily is without merit.

II. Whether a factual basis existed to support the offenses

¶ 6. Gaddis asserts that no factual basis exists to support the offenses of burglary and escape. In support of his argument, Gaddis relies on Corley v. State, 585 So.2d 765, 767 (Miss.1991), where the court held that "before the court may accept a plea, the court must have before it substantial evidence that the accused did commit the legally defined offense to which he is offering the plea." However, the court is not required to receive from the defendant an admission to each and every detail of a crime, but only that the defendant make some "bare admission of guilt." Gazzier v. State, 744 So.2d 776, 779(¶ 7) (Miss.1999).
¶ 7. Gaddis pled guilty to the charges of burglary and escape. He admits to pleading guilty in his appellate brief to this Court. A guilty plea waives all non-jurisdictional rights or defects. Anderson v. State, 577 So.2d 390, 391 (Miss.1991).
¶ 8. Furthermore, Gaddis does not offer any evidence in the form of affidavits, transcripts, or exhibits to support any of his allegations. The court must decide each case by the facts shown in the record, not assertions in the brief. Mason v. State, 440 So.2d 318, 319 (Miss.1983). Additionally, the necessary transcripts are to be made a part of the record and the appellant bears the burden of presenting a record. Roberts v. State, 761 So.2d 934, 935(¶ 3) (Miss.Ct.App.2000). Gaddis failed to provide evidence in support of his allegations. *1200 Therefore, his argument is without merit.

III. Whether Gaddis received ineffective assistance of counsel

¶ 9. Gaddis contends that he received ineffective assistance of counsel. The standard applied to claims of ineffective assistance of counsel were first articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove ineffective assistance of counsel, Gaddis must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced Gaddis' defense. Id. at 687, 104 S.Ct. 2052. The burden of proof rests with Gaddis. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Gaddis argues that his counsel was deficient for failing to inform him of the elements of burglary and escape. However, Gaddis told the judge he understood the charges and sentences available and, as a result, pled guilty with full knowledge. In a post-conviction relief proceeding, the post-conviction applicant must demonstrate with specificity and detail the elements of the claim. Woodward v. State, 635 So.2d 805, 808 (Miss.1993). Upon review, we find the trial court was correct in ruling that Gaddis did not meet this burden. Thus, we find no error.
¶ 10. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.