961 So.2d 763 (2007)
Brenda Joyce Smith TATE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00757-COA.
Court of Appeals of Mississippi.
July 17, 2007.
*764 Brenda Joyce Smith Tate, appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., GRIFFIS and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Brenda Joyce Smith Tate, pro se, appeals the trial court's denial of her motion for post-conviction relief. Finding no error, this Court affirms.

FACTS AND PROCEDURAL HISTORY
¶ 2. On June 14, 2001, Tate was indicted on one count of uttering a forgery, in violation of Mississippi Code Annotated Section 99-21-59 (Rev.2006). She pled guilty to the charge of uttering a forgery on November 15, 2001, and as part of the agreement stemming from her guilty plea, the district attorney agreed to retire a separate indictment to the file. During her guilty plea, Tate admitted that she had presented a check in the amount of $349.08 to Wal-Mart in Amory, Mississippi. The check was drawn on an account belonging to Rochelle Adams. During her plea colloquy, Tate advised the trial court that she had opened the account using an alias and that Rochelle Adams did not exist.
¶ 3. Her sentencing was deferred until February 2002, but she did not appear for sentencing until February 24, 2004. At that time, the trial court sentenced Tate to ten years' imprisonment with five years suspended and five years post-supervision release. The trial court further ordered *765 that Tate pay a $5,000 fine, which the trial court then suspended, as well as court costs, bond fees, assessments, and restitution in the amount of $2,215.23.
¶ 4. On November 14, 2005,[1] Tate filed a motion for reconsideration of sentence. In that motion, Tate raised the following issues: (1) Tate improperly was charged with uttering a forgery, even though the facts supported a charge of false pretenses; (2) Tate should have been sentenced as a misdemeanant because the check at issue was less than $500; and (3) Tate's sentence was disproportionate to others who were sentenced for various crimes on the day of her sentencing. The trial court accepted Tate's motion as a motion for post-conviction relief and denied the motion on the grounds that the trial court could not modify Tate's sentence once she began to serve that sentence. Tate appealed.

STANDARD OF REVIEW
¶ 5. In reviewing an order denying post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. See Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). The applicable standard of review for questions of law, however, is de novo. Id. at 598(¶ 6). Additionally, the Court notes that Tate is proceeding pro se; therefore, the Court "shall take into consideration that fact, and in [its] discretion, not dismiss meritorious complaints simply because they are not artfully drafted." Lewis v. State, 776 So.2d 679, 680(¶ 8) (Miss.2000) (citing Moore v. Ruth, 556 So.2d 1059, 1061 (Miss.1990)).

ANALYSIS
¶ 6. Based on this Court's broad reading of Tate's appellate brief, Tate raises the same three issues that she raised in her motion for post-conviction relief: (1) that she improperly was charged with uttering a forgery, as the evidence supports a charge of false pretenses; (2) that the trial court improperly imposed a felony sentence rather than a misdemeanor sentence; and (3) that Tate's sentence was disproportionate. The trial court denied Tate's motion on the grounds that the trial court could not disturb Tate's sentence once she began serving her time in jail. While the trial court's statement that it did not have the authority to alter Tate's sentence was correct, this Court finds that the trial court should have addressed the issues raised in Tate's motion because the trial court accepted that motion as a motion for post-conviction relief. Ultimately, however, the Court agrees that the trial court's dismissal of the motion was proper, and this Court "may on appeal affirm the decision of the trial court where the right result is reached, even though we may disagree with the trial court's reasons for reaching that result." Pass Termite & Pest Control, Inc. v. Walker, 904 So.2d 1030, 1032(¶ 6) (Miss.2004) (citing Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993)). Accordingly, the Court affirms the denial of Tate's motion for post-conviction relief.
1. The charge of uttering a forgery was proper.
¶ 7. Tate argues that she improperly was charged with uttering a forgery. *766 Specifically, Tate contends that because the bank account she used to write the bad check was her own checking account, the check was legitimate and could not be considered a forged instrument. Although Tate acknowledged that she opened the account using an alias, she maintains that both the account and the check were authentic. Accordingly, Tate argues that false pretense, and not forgery, was the proper charge.
¶ 8. In response, the State contends that Tate is procedurally barred from raising the argument that her crime was actually a form of false pretense. The State cites Mississippi Code Annotated Section 99-39-21(1) (Rev.2006), which states as follows:
Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
Miss.Code Ann. § 99-39-21(1). Because Tate elected to plead guilty rather than to proceed with a trial, the State argues that Tate waived her right to raise an objection or defense to the charge of uttering forgery.
¶ 9. This Court agrees that Tate's first point of error is procedurally barred. See, e.g. Gaddis v. State, 904 So.2d 1197, 1199 (¶¶ 4-5) (Miss.Ct.App.2004) (holding that failure to challenge the factual basis for indictment during guilty plea created a procedural bar). Tate did not raise this issue during her guilty plea, nor did she contend that the State could not prove the element of uttering a forgery based upon the facts before the trial court.
¶ 10. Notwithstanding the procedural bar, this Court addresses the merits of Tate's argument and holds that this point of error is without merit. The crime of uttering a forgery is defined by statute as follows:
Every person who shall be convicted of having uttered or published as true, and with intent to defraud, any forged, altered, or counterfeit instrument, or any counterfeit gold or silver coin, the forgery, altering, or counterfeiting of which is declared by the provisions of this chapter to be an offense, knowing such instrument or coin to be forged, altered, or counterfeited, shall suffer the punishment herein provided for forgery.
Miss.Code Ann. § 97-21-59 (Rev.2006). Tate contends that because the bank account was a bona fide account, forgery cannot be proven, despite the fact that Tate opened the account using an alias that she knew constituted a fictitious identity. This contention must fail as a matter of law because Mississippi law is clear that "evidence that the signee is a fictitious person is admissible to show that the instrument is a forgery." Sanders v. State, 219 So.2d 913, 915 (Miss.1969) (citing Coward v. State, 223 Miss. 538, 78 So.2d 605 (1955)). Tate admitted during the plea colloquy that she knowingly created the fictitious name Rochelle Adams for use on the bank account and presented a check drawn on that account for payment at Wal-Mart. Accordingly, the charge of uttering a forgery was proper and the trial court was correct in concluding that the facts presented during the guilty plea were sufficient to prove the charge of uttering a forgery.
2. The trial court acted within its discretion when imposing a felony sentence.
¶ 11. Tate also argues that because the amount of the check uttered *767 totaled less that $500, she was entitled to a misdemeanor sentence. The trial court imposed a felony sentence of ten years with five years suspended, a sentence that falls within the guidelines of "not less than two (2) years nor more than ten (10) years" as set forth in Mississippi Code Annotated Section 97-21-33 (Rev.2006), the statute setting forth the penalty for uttering a forgery. The trial court also imposed, and then suspended, a $5,000 fine, an amount that also falls within the guidelines set forth in the forgery statute. In addition to the guidelines set forth in the statute, however, the statute also provides that
when the amount of value involved is less than Five Hundred Dollars ($500) in lieu of the punishment above provided for, the person convicted may be punished by imprisonment in the county jail for a term of not more than six (6) months, or by a fine of not more than One Thousand Dollars ($1,000.00) or both, within the discretion of the court.

Miss.Code Ann. § 97-21-33 (emphasis added). The statute clearly states that the imposition of the sentence is left to the discretion of the trial court. Given the second indictment, which was retired to the file, and the trial court's knowledge of a similar charge in Lowndes County for which Tate owed restitution, this Court holds that the trial court acted properly and within its discretion in imposing a felony sentence.
3. Tate's sentence was not disproportionate and must stand.
¶ 12. Tate's final issue on appeal concerns the severity of her sentence. Tate argues that her sentence is disproportionate to those imposed on other defendants on the date that she was sentenced, including one case in which a woman was sentenced to a ten-year sentence with nine years suspended for one count of uttering a forgery. The State contends that Tate has waived this argument because she did not raise this issue at the time of sentencing, citing Mississippi Code Annotated Section 99-39-21(1) (Rev.2006).
¶ 13. Because Tate did not object to or contest her sentence during the sentencing hearing, this issue is procedurally barred. See Miss.Code Ann. § 99-39-21(1); Henley v. State, 749 So.2d 246, 249(¶ 11) (Miss.Ct.App.1999) (holding that the failure of the defendant to protest his sentence during the sentencing hearing constituted a procedural bar because the defendant could have, and should have, raised the issue at the sentencing hearing). Notwithstanding the procedural bar, however, the Court finds that Tate's contention is without merit. Mississippi courts have long recognized that "a sentence which does not exceed statutory limits is not cruel or unusual punishment." Jackson v. State, 740 So.2d 832, 835(¶ 11) (Miss. 1999). Accordingly, the trial court did not abuse its discretion when it sentenced Tate to serve a sentence that lies squarely within the guidelines set forth in the statute.
¶ 14. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Tate mailed her motion on November 14, 2005; however, the trial court did not receive the motion until December 5, 2005. Although the motion was timely under either date, Mississippi courts have adopted the "mailbox rule" for inmate motions. See Sykes v. State, 757 So.2d 997, 1000-1001 (¶ 12-14) (Miss.2000); Maze v. Mississippi Dep't of Corr., 854 So.2d 1090, 1092(¶ 6) (Miss.Ct.App. 2003). Accordingly, for purposes of recounting the procedural history of the case sub judice, this Court considers the motion filed on the date that Tate mailed it.