975 So.2d 905 (2008)
Nigel O'Neil DAVIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00224-COA.
Court of Appeals of Mississippi.
February 26, 2008.
Nigel O'Neil Davis, appellant, pro se.
Office of the Attorney General by Stephanie B. Wood, attorney for appellee.
Before MYERS, P.J., IRVING and ISHEE, JJ.
MYERS, P.J., for the Court.
¶ 1. Nigel O'Neil Davis moved for post-conviction relief in the Circuit Court of Calhoun County based upon the amendment of the statute under which he was sentenced for uttering forgery; however, his motion was denied. On appeal, he claims that the sentencing statute, Mississippi Code Annotated section 97-21-33 (Rev.2006), is ambiguous. Davis contends that he should have been sentenced for a misdemeanor because the amounts forged were under $500. Davis argues that because the statute under which he was sentenced was amended in 2003, his crime is classified as a misdemeanor; and the most he should be sentenced to serve is not more than six months in the county jail and to pay a fine. Finding no error in the decision of the trial court, we affirm the denial of Davis's motion for post-conviction relief.

UNDERLYING FACTS AND PROCEDURAL HISTORY
¶ 2. In June 2002, Davis was indicted under Mississippi Code Annotated section 97-21-33 (Rev.1994) for two counts of uttering a forgery, based upon his forgery of two checks, each in the amount of $253.81. *906 Davis pleaded guilty to two counts of uttering a forgery on August 9, 2004, and later was sentenced to serve one year for each count in the custody of the Mississippi Department of Corrections, fined $1,000, and ordered to pay restitution. However, between the time of his indictment and the sentencing, the Mississippi Legislature amended Mississippi Code Annotated section 97-21-33.
¶ 3. During the time the indictment was handed down, Mississippi Code Annotated section 97-21-33,[1] as it read in 2002, allowed the judge discretion to sentence Davis to serve a maximum term of six months and/or pay a fine of $1,000, if his conviction of forgery had been in an amount under $100. Davis, however, was indicted for two separate counts of forgery in amounts exceeding $100. Thus, at the time of indictment, the trial judge was mandatorily required to sentence Davis to serve a term of not less than two years nor more than fifteen years in the penitentiary. But, by the time Davis entered his guilty plea and was sentenced in 2004, the statute had been amended.
¶ 4. The 2003 amendment to Mississippi Code Annotated section 97-21-33[2] lessened the mandatory maximum sentence for forgery crimes in amounts $500 and more, added provisions regarding the assessment of fines, and changed the terms under which a trial judge may utilize discretionary sentencing power. The amendment granted the trial judge discretion to sentence a person convicted of forgery to serve a maximum term of six months in the county jail and/or pay a fine up to $1,000, if the amount forged was less than $500. Because the amounts Davis forged were less than the threshold $500, individually, the trial judge had the discretion to impose the lesser sentence. But, instead, Davis was sentenced to serve one year and fined $1,000 for each count.
¶ 5. This Court has been faced with a similar situation to the case at hand. Recently, in Tate v. State, 961 So.2d 763, 765(¶ 4) (Miss.Ct.App.2007), the appellant asserted, essentially, the same argument regarding the amendment to Mississippi Code Annotated section 97-21-33. This Court held that although the amount of the check uttering forgery totaled less than $500, Tate was not entitled to a misdemeanor sentence. Id. at 766-67(¶ 11). Rather, the trial court's imposition of a felony sentence was within its discretion and fell within the guidelines set forth in the forgery statute. Id.
¶ 6. In this case, the trial judge had the discretion to impose the lesser penalty under *907 Mississippi Code Annotated section 97-21-33; however, he was not required to impose such a sentence. While the statute does allow for a more lenient sentence for forgeries of lesser amounts, the statute also "allows the trial judge to sentence an individual convicted of uttering a forgery to the maximum [sentence]." Davis v. State, 758 So.2d 463, 467(¶ 11) (Miss.Ct. App.2000). Therefore, we find that the trial judge's sentencing Davis for each count to serve one year and assessment of a $1,000 fine did not exceed the statutory guideline and was not in error. Accordingly, the denial of the motion for post-conviction relief is affirmed.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY DENYING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Mississippi Code Annotated section 97-21-33, prior to the 2003 amendment, read as follows:

Persons convicted of forgery shall be punished by imprisonment in the penitentiary for a term of not less than two (2) years nor more than fifteen (15) years, provided, however, that when the amount of value involved is less than one hundred dollars ($100.00) in lieu of the punishment above provided for, the person convicted may be punished by imprisonment in the county jail for a term of not more than twelve (12) months, within the discretion of the court.
[2] Section 97-21-33, subsequent to the 2003 amendment, currently provides:

Persons convicted of forgery shall be punished by imprisonment in the Penitentiary for a term of not less than two (2) years nor more than ten (10) years, or by a fine of not more than Ten Thousand Dollars ($10,000.00), or both; provided, however, that when the amount of value involved is less than Five Hundred Dollars ($500.00) in lieu of the punishment above provided for, the person convicted may be punished by imprisonment in the county jail for a term of not more than six (6) months, or by a fine of not more than One Thousand Dollars ($1,000.00), or both, within the discretion of the court.