995 So.2d 844 (2008)
William Brent BOWEN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CA-01792-COA.
Court of Appeals of Mississippi.
November 25, 2008.
*845 Richard Shane McLaughlin, Nicole H. McLaughlin, Attorneys for Appellant.
Office of the Attorney General by Stephanie Breland Wood, Attorney for Appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On November 20, 2006, William Brent Bowen pleaded guilty in the Lowndes County Circuit Court to uttering a forgery. Bowen was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections with ten years suspended and five years of probation. On February 1, 2007, Bowen filed a motion for post-conviction relief, asserting that his sentence was invalid and his guilty plea was involuntary.
¶ 2. On February 6, 2007, the trial court found that Bowen had violated the terms of his suspended sentence. Bowen was then ordered to serve the entire ten years.
¶ 3. After a hearing on the matter, Bowen's motion for post-conviction relief was denied on September 5, 2007. Bowen now appeals, asserting that his sentence was invalid and his guilty plea was involuntary.

STANDARD OF REVIEW
¶ 4. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶6) (Miss.1999).

DISCUSSION

I. WAS BOWEN'S SENTENCE INVALID?
¶ 5. In his first issue on appeal, Bowen argues that his sentence was invalid since the amount involved in the crime was $250 and the statute provides for misdemeanor penalties when the value involved is less than $500. The penalty for uttering a forgery is as follows:
Persons convicted of forgery shall be punished by imprisonment in the Penitentiary for a term of not less than two (2) years nor more than ten (10) years, or by a fine of not more than Ten Thousand Dollars ($10,000.00), or both; provided, however, that when the amount of value involved is less than Five Hundred Dollars ($500.00) in lieu of the punishment above provided for, the person convicted may be punished by imprisonment in the county jail for a term of not more than six (6) months, or by a fine of not more than One Thousand Dollars ($1,000.00), or both, within the discretion of the court.
*846 Miss.Code Ann. § 97-21-33 (Rev.2006). This Court has, on numerous occasions, found that section 97-21-33 clearly states that the imposition of the sentence is within the trial judge's discretion. See Davis v. State, 975 So.2d 905, 906-07(¶6) (Miss. Ct.App.2008); Tate v. State, 961 So.2d 763, 767(¶11) (Miss.Ct.App.2007); Davis v. State, 758 So.2d 463, 467(¶11) (Miss.Ct. App.2000).
¶ 6. In Tate, Tate pleaded guilty to uttering a forgery in the amount of $349.08 and was sentenced to ten years' imprisonment, with five years suspended and five years of post-release supervision. Tate, 961 So.2d at 764 (¶¶2, 3). In affirming her conviction, this Court held that "[g]iven the second indictment, which was retired to the file, and the trial court's knowledge of a similar charge ... for which Tate owed restitution, ... the trial court acted properly and within its discretion in imposing a felony sentence." Id. at 767(¶11). In the present case, during the plea colloquy, the trial judge noted that Bowen had an extensive list of misdemeanors and an admitted addiction to cocaine.
¶ 7. In denying Bowen's motion for post-conviction relief, the trial judge found that Bowen's argument was without merit. The trial judge noted that Bowen was indicted for the crime of felony uttering a forgery, and the State did not ask to remand the case to the Lowndes County Justice Court as a misdemeanor. Further, as discussed in Issue II, Bowen was properly advised of the minimum and maximum sentence for the crime of felony uttering a forgery. We can find no error in the trial judge's findings. This issue is without merit.

II. WAS BOWEN'S GUILTY PLEA ENTERED INTO VOLUNTARILY?
¶ 8. In his other issue on appeal, Bowen argues that his guilty plea was not entered into voluntarily. Bowen contends that even if he were properly sentenced under the felony provision of section 97-21-33, his guilty plea should still be set aside since he was incorrectly advised of the minimum sentence. Bowen claims that he should have been advised that the minimum sentence was zero months rather than two years. A plea is considered "voluntary and intelligent" if the defendant is advised of the nature of the charge against him, the consequences of the plea, and the maximum and minimum penalties to which he may be sentenced. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). Furthermore, declarations made under oath and in court during sentencing carry a strong presumption of verity. Gable v. State, 748 So.2d 703, 706(¶11) (Miss.1999).
¶ 9. Bowen was advised of the minimum and maximum sentence for this felony conviction and pleaded guilty to a felony charge. The minimum sentence for felony uttering a forgery is two years, not zero months. The maximum sentence for the felony is ten years. Bowen stated in open court that he knew the minimum and maximum sentence for the felony and that he was guilty of the felony. We cannot find that Bowen's guilty plea was entered into involuntarily. This issue is without merit.
¶ 10. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.