SULLIVAN, Justice,
for the Court:
James D. Logan pled guilty to the crime of armed robbery on January 20, 1984, in the Circuit Court of Forrest County, Mississippi. He was sentenced to serve a term of twenty-three years in the custody of the Mississippi Department of Corrections. Nearly eight years later, on January 7, 1992, Logan filed a Petition for Post Conviction Relief/Petition for Writ of Habeas Corpus. In this petition Logan argued to the trial judge 1) that his ineligibility for parole for a period of ten years was cruel and unusual punishment and unconstitutional; and, 2) that his petition was not time-barred by the three year statue of limitations because of the “wrongful revocation of parole exception” found in Miss.Code Ann. § 99-39-5(2). The trial judge found that the petition was time barred by the three year statute of limitations and entered an order denying post-conviction relief on April 22, 1992.
I.
IS TEN YEAR REQUIREMENT BEFORE PAROLE CONSIDERATION FOR PERSONS CONVICTED OF ARMED ROBBERY DISPROPORTIONATE AND IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION?
Miss.Code Ann. § 47-7-3(l)(d) (Supp. 1994), under which Logan was sentenced, states “[n]o person shall be eligible for parole who shall, on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm until he shall have served (10) years if sentenced to a term or terms of more than ten years.... ” Logan argues that this violates the .Eighth Amendment because no other crime of violence imposes this minimum ten year requirement, and that the statute does not make a distinction between armed robbery cases where individuals were harmed and where there was no harm to the victims as in Logan’s case.
The maximum sentence allowed under the armed robbery statute is life imprisonment. In Reed v. State, 506 So.2d 277, 282 (Miss. 1987), we held that a life sentence imposed for armed robbery was not so disproportionate; as to constitute cruel and unusual punishment. If life is not disproportionate twenty-three years is not disproportionate, and the requirement that he actually serve ten of those years cannot logically be cruel and unusual. The statutory requirement that Logan serve ten years before being eligible for parole is not so disproportionate to the crime of armed robbery as to violate the Eighth Amendment.
The State argues however that all of the above is immaterial as the petition for post-conviction relief is time barred under Miss. Code Ann. § 99-39-5(2) (1994). The State is correct. Logan plead guilty on January 20, 1984, and had until April 17, 1987 to file his petition for post-conviction relief. He filed it on January 7, 1992. Logan’s petition for post conviction relief is procedurally barred unless he can demonstrate that his claim falls under one of the recognized exceptions.
II.
WAS IT ERROR TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT CONSIDERATION OF THE MERITS BASED ON TIME BARRED?
As set out above Logan fails unless he can point to a recognized exception to the time bar. In response Logan argues that *1139 § 99-89-5(2) saves Ms ease from the procedural bar because it provides the following: “excepted are those cases in which the prisoner claims that Ms sentence has expired or Ms probation, parole or conditional release has been unlawfully revoked.” Logan takes the position that the mandatory ten year sentence before eligibility for parole is somehow an unlawful revocation of parole. The facts of tMs ease are not applicable to those contemplated by the statute. Logan has never been paroled nor conditionally released. There could be no wrongful revocation of parole as no parole ever existed. Nor did the intervemng case law or new evidence exceptions found in the Act apply to the case at hand.
Finally, Logan claims that the three year statute is not applicable because Ms petition was:
[A]n attack on the parole statute and not an attack on Ms actual sentence and/or conviction; the Post-Conviction Act was not the proper statute to guide the lower court in its review. There is no course available for review of Logan’s petition through the Post-Conviction Act. Therefore, the habeas corpus writ was the mode by wMch the lower court should have reviewed the merits of Logan’s petition.
To the contrary, § 99-89-8(1) announces that the Act “abolishes the common law writs relatmg to post-conviction relief, including ... post-conviction habeas corpus, as well as statutory post-conviction habeas corpus.” The purpose of the Act was to provide an “exclusive and uniform procedure for the collateral review of convictions and sentences.” Miss.Code Ann. § 99-39-3(1) (1994). Furthermore, we have determined that the UP-CCRA “does not work an unconstitutional suspension of habeas corpus.” Cole v. State, 608 So.2d 1313, 1319 (Miss.1992).
Looking through the form to the substance the Petition filed by Logan was clearly an attack on his sentence of what it was labeled in Ms brief. Any post-conviction attack on a sentence clearly falls withm the reach of the Act. Therefore, the trial judge correctly applied the three year statute of limitations to the petition and demed the relief as time barred.
LOWER COURT’S DENIAL OF MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.