# IN THE COURT OF APPEALS
# OF THE
# STATE OF MISSISSIPPI
## NO. 97-CA-00196-COA

**EARNEST SYKES**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/02/96 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE MCCRORY |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | POST-CONVICTION RELIEF DENIED |
| DISPOSITION: | DISMISSED - 3/9/99 |
| MOTION FOR REHEARING FILED: | 3/30/99 |
| CERTIORARI FILED: | 7/6/99 |
| MANDATE ISSUED: | |

BEFORE McMILLIN, C.J., COLEMAN, AND PAYNE, JJ.

McMILLIN, C.J., FOR THE COURT:

¶1. On April 14, 1993, Earnest Sykes pled guilty to the crime of sale of cocaine in the Circuit Court of Clay County. A judgment accepting that plea and setting Sykes's sentence was entered by the court on that same date. On April 16, 1996, while still incarcerated pursuant to that judgment of sentence, Sykes filed a motion for post-conviction relief with the Circuit Court Clerk of Clay County seeking to set aside the judgment because of perceived inadequacies in his representation by counsel during the time leading up to his decision to plead guilty. The trial court dismissed Sykes's motion as being a second filing in the same proceeding prohibited by Section 99-39-23(6) of the Mississippi Code of 1972. Sykes has appealed that determination to this Court.

¶2. The State does not attempt to defend the trial court's holding that this is a prohibited subsequent filing, and it is evident from the record that it is not, since the earlier filing relied on by the trial court only sought to compel the clerk to furnish Sykes with certain records from his case. However, in its brief, the State raises an alternate issue going to the jurisdiction of the Court to hear this appeal. The State suggests that Sykes's post-conviction relief filing is time barred because the statute of limitations for such proceedings had expired

before his motion was filed. Section 99-39-5(2) requires that such a proceeding be commenced, in the case of a guilty plea, within three years of the judgment of sentence entered pursuant to the plea. Miss. Code Ann. § 99-39-5(2) (Rev. 1994), *amended by* Miss. Code Ann. § 99-39-5(2) (Supp. 1998). A filing outside that three year period is time-barred and may not be considered by the court unless it can be shown to fit into one of three exceptions, none of which have any application in this case. *Logan v. State*, 661 So. 2d 1137, 1139 (Miss. 1995); *Campbell v. State*, 611 So. 2d 209, 210 (Miss. 1992).

¶3. Because April 14, 1996, fell on a Sunday, the time for filing the motion was extended to Monday, April 15. *Nelson v. James*, 435 So. 2d 1189, 1191 (Miss. 1983). Sykes's motion was not filed by the clerk until the following day, Tuesday, April 16. Sykes concedes that his motion was filed one day outside the statute of limitations but points to his certificate of service that indicates that the petition was mailed on April 12, 1996. This was two days before the limitation period expired. Sykes argues that the United States Supreme Court case of *Houston v. Lack* compels us to find that, because he was an incarcerated prisoner acting *pro se*, the date of mailing must be deemed the filing date. *Houston v. Lack,* 487 U.S. 266, 276 (1988). In *Houston v. Lack,* the Supreme Court adopted a hard-and-fast rule that an individual incarcerated as the result of a conviction in the federal justice system who is attempting to perfect a *pro se* appeal will be deemed to have "filed" his notice of appeal at the time he delivered the notice to prison authorities for ultimate forwarding to the appropriate court clerk. *Id.*

¶4. We find *Houston v. Lack* to have no application to the question now before us. That case dealt with an interpretation of the requirement for filing a notice of appeal under the Federal Rules of Appellate Procedure and instituted a "prison mailbox rule" applicable on its face only to incarcerated individuals attempting to perfect a *pro se* appeal. It was decided on policy considerations of equity and fairness and was not based on any articulated constitutional standard requiring that prisoners proceeding *pro se* be entitled to a different definition of "filing" from that applied to the general populace. The decision is, therefore, not binding on this Court. The Mississippi Supreme Court declined its one recorded opportunity to institute the prison mailbox rule for prisoner's *pro se* appeals in Mississippi in the case of *Benbow v. State* by, instead, undertaking an *ad hoc* suspension of the Mississippi Rules of Appellate Procedure to permit Benbow an out-of-time appeal. *Benbow v. State,* 614 So. 2d 398, 402 (Miss. 1993). The Mississippi Supreme Court said in *Benbow* that it would "leave the decision to adopt or reject the prison mailbox rule for another day . . . ." *Id.*

¶5. Even beyond considerations of the propriety of a prison mailbox rule for appeals, it must be remembered that this case does not involve interpretation of judicial rules of procedure. The time to perfect an appeal in Mississippi is governed by judicial rules and not by legislative enactment. On the other hand, the time to institute a post-conviction relief action is a matter governed entirely by statute. Unless there is an attack on the validity of the statute itself (which there was not in this case), it becomes the duty of this Court to enforce the statute according to its terms. Thus, the term "file" as used in the statute must be applied in the sense that the legislature intended it to be construed. Were we, in an attempt to avoid a harsh result, to permit some definition of the plain wording of a statute that was not intended by the Legislature, this Court would be exceeding its authority and enacting a *de facto* amendment of the statute.

¶6. Mississippi's Post-Conviction Relief Act was first enacted in 1984. The statute requires one seeking such relief to "*file a motion* to vacate, set aside or correct the judgment . . . ." Miss. Code Ann. § 99-39-5(1)(i) (Rev. 1994)(emphasis added). When a guilty plea is involved, the motion must be made within three years after entry of a judgment of sentence entered pursuant to the guilty plea. Miss. Code Ann. § 99-39-

5(2) (Rev. 1994). Our research of Mississippi law for the period preceding and leading up to 1984 has revealed no instance where the mailing of a motion, petition, or other pleading seeking relief from a court has been deemed a "filing" of that document. "All words . . . contained in the statutes are used according to their common and ordinary acceptation and meaning; but technical words and phrases according to their technical meaning." Miss. Code Ann. § 1-3-65 (Rev. 1998). In connection with a court proceeding, the universal understanding of the word "file" when used as a verb is that it means the act of delivery into the possession of the clerk of the court. In 1896, the Mississippi Supreme Court had this to say about filing:

> Anderson's Law Dictionary defines the noun "file" as follows: "At common law, a thread, string, or wire upon which writs or other exhibits are fastened for safekeeping and ready reference." . . . The verb, Anderson thus defines: "To leave a paper with an officer for action or preservation;" and he adds: "In modern practice, the file is the manner adopted for preserving papers. The mode is immaterial. Such papers as are not for transcription into records are folding similarly, indorsed with a note or index of their contents, and tied up in a bundle, - a file." Webster quotes Burrill, as follows: "To file a paper on the part of a party is to place it in the official custody of the clerk . . ." Mr. Freeman, in a learned note to *Beebe v. Morrell* (Mich.) 15 Am.St.Rep. 295 (42 N.W. 1119), thus sums up: "Filing consists simply in placing the paper in the hands of the clerk, to be preserved and kept by him in his official custody as an archive or record, of which his office becomes thenceforward the only proper repository . . . ."

*Meridian Nat'l Bank v. Hoyt & Bros. Co.,* 74 Miss. 221, 226-27, 21 So. 12, 13 (1896). We can find nothing in the case law of this State that suggests any variation from this understanding of what it means to file an instrument in the intervening period from 1896 until the Legislature enacted the post-conviction relief statute in 1984.

¶7. Finding ourselves without authority to invent an alternate definition for the word "file" not contemplated by the Legislature at the time it adopted the post-conviction relief statute, we can do nothing other than note this proceeding's untimely commencement and dismiss it as time barred. *State v. Heard*, 246 Miss. 774, 781, 151 So. 2d 417, 420 (1963).

¶8. **THE MOTION FOR POST-CONVICTION RELIEF FILED BY THE APPELLANT, EARNEST SYKES, IS DISMISSED FOR LACK OF JURISDICTION OF BOTH THE CIRCUIT COURT OF CLAY COUNTY AND THIS COURT TO GRANT RELIEF FOR THE REASON THAT THE MOTION IS TIME-BARRED FOR BEING FILED AFTER THE EXPIRATION OF THE APPLICABLE STATUTE OF LIMITATIONS. COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.**

**KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.**