[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 565 
¶ 1. Cynthia Jo Staggs timely filed a motion for post-conviction relief (PCR) on June 1, 2005, attacking her January 21, 2004 guilty plea to sexual battery and sentence of thirty years. Staggs argued that her guilty plea was involuntary and that there was no factual basis for the plea. The Circuit Court of DeSoto County dismissed her PCR without an evidentiary hearing. Staggs appeals. We find no error and affirm.
 STANDARD OF REVIEW ¶ 2. The circuit court may dismiss a PCR without an evidentiary hearing if "it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2000). On appeal, this Court reviews the record de novo, and will affirm the summary dismissal of a PCR if the petitioner has failed to demonstrate "`a claim procedurally alive substantial[ly] showing denial of a state or federal right. . . .'" Young v. State,731 So.2d 1120, 1122 (¶ 9) (Miss. 1999) (quoting Myers v.State, 583 So.2d 174, 176 (Miss. 1991)). No hearing is required if the sole support for the petitioner's allegations is her own contentions and those contentions are effectively contradicted by other record evidence, such as a transcript of the plea hearing. Donnelly v. State, 841 So.2d 207,212 (¶ 12) (Miss.Ct.App. 2003).
 LAW AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING.
 ¶ 3. Staggs argues that she was entitled to an evidentiary hearing because *Page 566 
her PCR substantially demonstrated that her guilty plea was involuntary and that there was no factual basis supporting her guilt of sexual battery. For a guilty plea to be binding upon a defendant, the plea must be entered voluntarily and intelligently. Alexander v. State, 605 So.2d 1170,1172 (Miss. 1992). A guilty plea is considered to be voluntarily and intelligently entered only when the defendant is advised concerning the nature of the charges against her and the consequences of the plea. Id. The defendant must know the elements of the charge against her, including an understanding of the charge and its relation to her, what effect the plea will have, and what possible sentence might result from the plea. Wilson v. State, 577 So.2d 394,396-97 (Miss. 1991). Moreover, the defendant must be informed that a guilty plea waives the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination. Alexander,605 So.2d at 1172. Pursuant to Uniform Rule of Circuit and County Court 8.04(A)(4)(b), during the plea colloquy, the trial court must determine that the accused understands the maximum and minimum penalties for the charge.
 ¶ 4. The defendant bears the burden of proving by a preponderance of the evidence that the guilty plea was involuntary. Miss. Code Ann. § 99-39-23(7) (Supp. 2006). In a statement of facts attached to Staggs's PCR, Staggs averred that, when she entered the plea, she thought she was pleading guilty to being an accomplice to sexual battery. Staggs further averred that she had been under the belief that she would not be sentenced to the maximum penalty of thirty years. Staggs argues that these misconceptions about the nature of the crime charged and the consequences of the plea rendered her guilty plea involuntary. A trial court may disregard the movant's assertions where they are substantially contradicted by the court record that culminated in the entry of the guilty plea.Wilson v. State, 760 So.2d 862, 864 (¶ 5) (Miss.Ct.App. 2000). Staggs's assertions in her PCR are substantially contradicted by the transcript of the guilty plea hearing.
 ¶ 5. The plea hearing transcript shows that, at the same proceeding, the trial court accepted the guilty pleas of both Staggs and her husband to sexual battery. The assistant district attorney informed the trial court that, were the case to go to trial, the State would be prepared to prove that Staggs and her husband had placed the penis of Staggs's husband into the mouth of a minor child. During the plea colloquy, the trial court asked Staggs if she understood that she was being charged with sexual battery, and Staggs responded, "Yes, sir." The trial court ascertained that Staggs understood that there was no minimum penalty for the crime but that the maximum penalty was thirty years. The court asked Staggs if she had discussed all the facts and circumstances surrounding her case with her attorney and if the attorney had explained what the charge meant and discussed any defenses Staggs might have. Staggs responded in the affirmative. Staggs also indicated that she had entered a petition to enter a plea of guilty, that she had reviewed the petition with her attorney, that she understood the petition, and that it was true and correct. Staggs identified her signature on the plea petition. When the trial court asked her why she was pleading guilty, Staggs responded, "Because I was an accomplice."
 ¶ 6. Staggs contends that her statement to the court that she was pleading guilty because she was an accomplice indicated that she thought she was pleading guilty as an accomplice to sexual battery, not to *Page 567 
sexual battery itself. This argument intimates, without expressly so stating, that Staggs believed she was pleading guilty to some crime less than sexual battery or having a lesser penalty than sexual battery. Staggs argues that when she told the court that she was pleading guilty because she was an accomplice, the court should have made a detailed inquiry of Staggs to make sure she understood the nature of the charge to which she was pleading guilty.
 ¶ 7. "Any person who is present at the commission of a criminal offense and aids, counsels, or encourages another in the commission of that offense is an `aider and abettor' and is equally guilty with the principal offender." Hoops v.State, 681 So.2d 521, 533 (Miss. 1996). Staggs's status as an accomplice to sexual battery subjected her to full criminal liability for sexual battery. Id. While the trial court did not explain accomplice liability to Staggs, the transcript of the plea hearing substantially contradicts the notion that Staggs thought she was pleading guilty to some offense lesser than sexual battery. The trial court asked Staggs if she understood that she was pleading guilty to sexual battery, and Staggs responded affirmatively. The court further determined that Staggs had conferred with counsel about the nature of the charge and had executed a petition to enter a plea of guilty. The court informed Staggs that she could receive the maximum penalty for sexual battery. Staggs's statement that she was pleading guilty "because she was an accomplice" was consistent with Staggs having had an understanding that acting as an accomplice subjected her to criminal liability for sexual battery. It is manifest from the plea hearing transcript that Staggs understood that she was pleading guilty to sexual battery.
 ¶ 8. Staggs further argues that her plea was involuntary because she thought she would receive less than the maximum penalty of thirty years. Again, this contention is belied by the plea hearing transcript. Addressing Staggs and her husband, the trial court stated:
 Q. You realize that I'm not bound by any plea bargain which may have occurred between your lawyer and the DA's office; and I can sentence you anywhere between the maximum and the minimum? The maximum is 30 years and $10,000. There is no minimum, but I could give you 30 years.
 A. Yes, sir.
 A. Yes, sir.
 Q. You also realize you might not get parole, you might not get good time; and if I gave you 30 years, you might serve every single day?
 A. Yes, sir.
 A. Yes, sir.
Thus, the plea hearing transcript shows that Staggs was fully informed before entering the plea that the trial court could impose the maximum penalty of thirty years.
 ¶ 9. Next, Staggs argues that there was no factual basis to support her guilty plea. Pursuant to URCCC 8.04(A)(3), in order for the trial court to accept a guilty plea, the court must determine that there is a factual basis for the plea. The factual basis requirement is met when the record "contain[s] `enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged.'"Jones v. State, 936 So.2d 993, 999 (¶ 21) (Miss.Ct.App. 2006) (quoting Corley v. State,585 So.2d 765, 767 (Miss. 1991)). In this case, the assistant district attorney stated that the State was prepared to prove that, between November 1, 2002 and April 24, 2004, Staggs and her husband engaged in sexual penetration *Page 568 
with a child who at the time was at least fourteen years old but under sixteen years old by placing the penis of Staggs's husband into the mouth of the minor child. The assistant district attorney further stated that Staggs had given a full and voluntary confession as to her involvement in the matter. At the conclusion of the assistant district attorney's statement, the court asked Staggs if she disagreed with anything the assistant district attorney had said. Staggs stated, "No, sir." Later, Staggs stated that she was pleading guilty to sexual battery because she was an accomplice.
 ¶ 10. Staggs argues that there was no factual basis for the guilty plea because her confession was neither read into evidence nor introduced as an exhibit at the plea hearing. This argument is without merit. At a guilty plea hearing, the rules of evidence are relaxed and it is not necessary "to flesh out the details which might be brought forth at trial."Corley, 585 So.2d at 767. Rather, an adequate factual basis for the plea may be formed by any record evidence before the court, including the defendant's admission of guilt.Id. Here, in addition to the information provided by the assistant district attorney, Staggs stated she was pleading guilty to sexual battery because she was an accomplice, and she stated that she agreed with the assistant district attorney's summation of her crime and the evidence against her. There was an adequate factual basis in the record for Staggs's guilty plea to sexual battery. We observe that the trial court otherwise complied with URCCC 8.04 and the constitutional requirements for ascertaining that Staggs's guilty plea was voluntarily and intelligently entered. Staggs's arguments that her plea was involuntary and lacked an adequate factual basis are without merit and, therefore, we affirm the summary dismissal of Staggs's PCR.
 ¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTOCOUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF ISAFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THEAPPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.