71 So.3d 1241 (2011)
Virgil Germaine WOODS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2010-CP-00611-COA.
Court of Appeals of Mississippi.
October 11, 2011.
*1243 Virgil Germaine Woods, appellant, pro se.
Office of the Attorney General by Laura Hogan Tedder, attorney for appellee.
Before LEE, C.J., MYERS and MAXWELL, JJ.
MAXWELL, J., for the Court:
¶ 1. Virgil Woods appeals the Warren County Circuit Court's summary dismissal of his motion for post-conviction relief (PCR), in which Woods challenged the validity of his guilty plea to armed robbery and his thirty-five-year sentence. Because (1) Woods fails to demonstrate any conduct by his counsel rendered his plea involuntary, and (2) his sentence does not offend the Eighth Amendment, we affirm.

STANDARD OF REVIEW
¶ 2. In considering the dismissal of a PCR motion, we review the trial court's findings of fact for clear error and its determinations of law de novo. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). The PCR movant has the burden to show by a preponderance of the evidence he is entitled to relief. Miss. Code Ann. § 99-39-23(7) (Supp.2011). The trial court may summarily dismiss a PCR motion without holding an evidentiary hearing where "it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Staggs v. State, 960 So.2d 563, 565 (¶ 2) (Miss.Ct.App.2007) (quoting Miss. Code Ann. § 99-39-11(2) (Rev.2000)). We will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate "a claim procedurally alive substantially showing the denial of a state or federal right." Robinson v. State, 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009).

ANALYSIS
¶ 3. Woods pled guilty to armed robbery on June 16, 2008. The circuit court sentenced him to thirty-five years' imprisonment without eligibility for parole. On January 21, 2010, Woods filed his PCR motion, which the circuit court summarily dismissed. On appeal, Woods argues: (1) *1244 his counsel misinformed him that if he pled guilty, his sentence would not exceed ten years' imprisonment; and (2) his sentence constitutes cruel and unusual punishment.

I. Procedural Bar
¶ 4. Though Woods vaguely mentions multiple alleged errors, he failed to raise most of these errors in his PCR motiona procedural bar to our consideration of these issues on appeal. See Foster v. State, 716 So.2d 538, 540 (¶ 9) (Miss.1998). We only address the issues Woods has properly raised.

II. Strickland

¶ 5. To prevail on a claim of ineffective assistance of counsel, Woods must show: (1) his counsel's performance was deficient, and (2) the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To perform deficiently, an attorney must fail to meet "an objective standard of reasonableness." Id. at 688, 104 S.Ct. 2052. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689, 104 S.Ct. 2052.
¶ 6. To establish prejudice, Woods must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. "In the context of guilty pleas, this means the defendant must show that, were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Burrough v. State, 9 So.3d 368, 375 (¶ 22) (Miss.2009).
¶ 7. "[W]here a defendant voluntarily pleads guilty to an offense, he waives all non-jurisdictional rights incident to trial[.]" Hill v. State, 60 So.3d 824, 827 (¶ 6) (Miss.Ct.App.2011) (citing Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991)). "This `waiver includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'" Id. (quoting United States v. Cavitt, 550 F.3d 430, 441 (5th Cir.2008)).

III. Voluntariness of Plea
¶ 8. A guilty plea is binding if entered voluntarily, knowingly, and intelligently. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). A guilty plea is deemed to meet this standard "where the defendant [was] advised concerning the nature of the charge . . . and the consequences of the plea." Id. The PCR movant has the burden to show by a preponderance of the evidence that his plea was involuntary. Sayles v. State, 35 So.3d 567, 569 (¶ 7) (Miss.Ct.App.2010).
¶ 9. In assessing the voluntariness of a plea, the thoroughness of the trial court's interrogation during the plea colloquy "is the most significant evidence of all." Gardner v. State, 531 So.2d 805, 809-10 (Miss.1988). A trial court's explanation to a defendant of his rights and the consequences of his plea may be sufficient to render the plea voluntary. Id. A defendant's "[s]olemn declarations in open court carry a strong presumption of verity." Baker v. State, 358 So.2d 401, 403 (Miss. 1978).

IV. Counsel's Advice on Potential Sentence
¶ 10. Woods first argues he pled guilty without understanding his potential sentence. Woods claims his counsel improperly advised him that if he pled guilty, he would receive a sentence of no more than ten years' imprisonment. Woods was sentenced to thirty-five years without eligibility for parole. Woods claims that had he known he could be subjected to such a harsh sentence, he would have insisted on going to trial.
*1245 ¶ 11. Mississippi Code Annotated section 97-3-79 (Rev.2006) provides that a defendant found guilty of armed robbery:
shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.
In the absence of a jury-imposed life sentence, section 97-3-79 affords a trial court discretion to sentence the defendant within the allowable rangeno less than three years nor more than "a definite term reasonably expected to be less than life." Payton v. State, 897 So.2d 921, 950 (¶ 110) (Miss.2003); see also Lindsay v. State, 720 So.2d 182, 185 (¶ 9) (Miss.1998); Jack v. State, 878 So.2d 1078, 1080 (¶ 8) (Miss.Ct. App.2004). Woods was twenty-one years of age when he pled guilty. He does not contend his thirty-five-year sentence exceeds his life expectancy, nor has he included in the record any documentation showing that to be the case. Under Mississippi Code Annotated section 47-7-3(1)(d)(ii) (Rev.2011), Woods is ineligible for parole. See Wells v. State, 936 So.2d 479, 480 (¶ 5) (Miss.Ct.App.2006).[1]
¶ 12. To enter a voluntary plea, the defendant must be informed of the minimum and maximum penalties he faces. See Bowen v. State, 995 So.2d 844, 846 (¶ 8) (Miss.Ct.App.2008) (citing Alexander, 605 So.2d at 1172). In dismissing Woods's PCR motion, the circuit judge reviewed the transcript from Woods's plea hearing and found Woods had been properly advised of his potential sentence. Specifically, the judge found that during Woods's plea colloquy, Woods had acknowledged his understanding of the court's authority to sentence him to any term of years less than life imprisonment. Woods was informed this maximum available sentence would be calculated based on his life expectancy. According to the judge, Woods also voluntarily assented to his lack of eligibility for parole.
¶ 13. Because Woods has failed to include the guilty-plea transcript in the record, we are unable to find he has demonstrated clear error in the circuit judge's factual findings. Based on the facts found by the circuit court, we can only conclude Woods's in-court affirmationsincluding his sworn acknowledgment that he understood his sentencerendered his plea voluntary. Deficiencies in the record are not held against the State, but rather the appellant, whose duty it is to ensure the record supports his assignments of error. Bailey v. State, 65 So.3d 349, 351 (¶ 6) (Miss.Ct.App.2011).[2] Further, because Woods relies on nothing more than his own affidavit to dispute the trial judge's findings, he is entitled to no relief. Vielee v. State, 653 So.2d 920, 922 (Miss.1995) (holding an ineffective-assistance-of-counsel claim only supported by the movant's own affidavit is without merit).

V. Eighth Amendment
¶ 14. Woods argues his thirty-five-year sentence for armed robbery is excessive and violates the Eighth Amendment's *1246 guarantee against cruel and unusual punishment. See U.S. Const. amend. VIII; see also Miss. Const. art. 3, § 28 (containing similar provision).
¶ 15. An appellate court generally will not disturb a sentence where it does not exceed the statutory maximum. Long v. State, 52 So.3d 1188, 1197 (¶31) (Miss. 2011) (citing Cummings v. State, 29 So.3d 859, 861 (¶ 4) (Miss.Ct.App.2010)). But "if a sentence is grossly disproportionate to the crime committed, it may be reviewed on Eighth Amendment grounds." Trotter v. State, 9 So.3d 402, 412 (¶ 26) (Miss.Ct. App.2008) (citing Ford v. State, 975 So.2d 859, 869 (¶ 39) (Miss.2008)). Woods does not allege the circuit court miscalculated his life expectancy or that his sentence falls outside the sentencing range defined by statute. See Miss.Code Ann. § 97-3-79. He instead contends his sentence is excessive because he is a "first-time offender."
¶ 16. In Reed v. State, 506 So.2d 277, 282 (Miss.1987), the Mississippi Supreme Court held a life sentence was not grossly disproportionate to the crime of armed robbery. See also Logan v. State, 661 So.2d 1137, 1138 (Miss.1995) (finding twenty-three-year sentence for armed robbery, with ten mandatory years under former sentencing scheme, did not constitute cruel and unusual punishment); cf. Wells, 936 So.2d at 481 (¶¶ 6-8) (finding a mandatory twenty-five-year sentence was not excessive because the sentence was "within the limits provided by statute"). Further, the supreme court has held that the fact that a defendant is a first-time felony offender does not preclude a maximum sentence. Nichols v. State, 826 So.2d 1288, 1292 (¶ 18) (Miss.2002). Based on our precedent, we find no inference of disproportionality is raised by Woods's sentence.
¶ 17. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ., CONCUR.
NOTES
[1] "[P]rior to the enactment of section 47-7-3(1)(d)(ii), persons convicted of armed robbery could be eligible for parole after serving ten years of their sentence. However, it is clear that such felons are now completely ineligible for parole." Wells, 936 So.2d at 480 (¶ 5).
[2] We note Woods failed to make a specific request for transcripts or records along with his present PCR motion. See Fleming v. State, 553 So.2d 505, 506 (Miss. 1989) (explaining a request for court records is not cognizable as its own independent action).