# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00157-COA

**ANTHONY GREEN A/K/A ANTHONY EARL GREEN A/K/A ANTHONY E. GREEN**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/09/2017 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANTHONY GREEN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 12/12/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     In 2008, Anthony Green pled guilty to two counts of murder and one count of grand larceny. He did so as part of a plea agreement where, in exchange for Green's guilty pleas, the State agreed not to pursue capital murder charges and to recommend concurrent life sentences on the murder charges and a consecutive sentence on the grand larceny charge that was below the maximum term of incarceration for that offense. In 2016, Green filed a motion for post-conviction relief attacking his murder convictions, contending that his indictment was defective and that his guilty plea was involuntary. The circuit court dismissed the motion as time-barred. We affirm.

**STANDARD OF REVIEW**

¶2.    The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the movant must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶3.    Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Id*.

**DISCUSSION**

¶4.    Green acknowledges that his motion was filed more than three years from the entry of the judgment of his conviction, so it was time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2015). Ordinarily, claims made outside of the three-year statute of limitations must raise one of the exceptions found in Mississippi Code Annotated section 99-39-5(2)(a)-(b). "The movant bears the burden of showing he has met a statutory exception." *Bell v. State*, 95 So. 3d 760, 763 (¶10) (Miss. Ct. App. 2012) (reversed in part on other grounds) (citation omitted). Green does not argue that he meets any of the statutory exceptions; instead, he relies on the Mississippi Supreme Court's oft-cited holding that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." *See Rowland v. State*, 42 So. 3d 503,

2

507 (¶12) (Miss. 2010). Since the applicability of the fundamental rights exception depends on the particular claim, we will address each of Green's contentions in turn.

### 1. Sufficiency of the Indictment

¶5. Green argues that his indictment failed to allege an essential element on the capital murder counts because it failed to identify the victim of the underlying felonies – robbery in one and robbery and arson in the other. First of all, this issue is irrelevant because Green pled guilty to "simple" murder, which does not require an underlying offense. Green's indictments adequately alleged murder. *See Pickney v. State*, 192 So. 3d 337, 345 (¶28) (Miss. Ct. App. 2015).

¶6. Furthermore, the attack on the capital murder indictment is based on *Rowland v. State*, 98 So. 3d 1032, 1038-39 (¶12) (Miss. 2012), which had held that a capital murder indictment must name the victim of the underlying felony. But *Rowland* was overruled on that point by *Carson v. State*, 212 So. 3d 22, 32-34 (¶¶37-40) (Miss. 2016). The identity of the victim of the underlying crime is not an element of capital murder. *Id.* Thus, Green's indictment did not fail to allege an essential element of either capital murder count.

¶7. Green also complains that he pled guilty to "simple" murder, but his indictments were for capital murder. This was permissible because murder is a lesser-included offense of capital murder. *See Lay v. State*, 75 So. 3d 1108, 1110 (¶6) (Miss. Ct. App. 2011).

¶8. Green has failed to show any defects in his indictments.

### 2. Factual Basis

¶9. Green's next contention is couched as a claim that his plea was involuntary, but it is actually a claim that the trial court failed to establish a factual basis for the convictions in the record. This claim does not implicate a fundamental constitutional right and is subject to the time-bar. "[O]nly four types of 'fundamental rights' have been expressly found to survive PCR procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Salter v. State*, 184 So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015).

¶10. Notwithstanding the procedural bar, the record belies Greens's claim. At the plea hearing, the prosecutor laid out a lengthy and detailed explanation of how Green murdered the two people he was alleged to have murdered in the indictment, and Green admitted under oath that it was true. This issue is time-barred and without merit.

### 3. Voluntariness of Guilty Plea

¶11. Finally, Green alleges that his plea was involuntary because he was not informed of the elements of "simple" murder, as opposed to capital murder. This claim, though it arguably implicates fundamental constitutional rights, is not covered by the fundamental constitutional rights exception and is thus still subject to the time-bar. *See Jones v. State*, 174 So. 3d 902, 907 (¶12) (Miss. Ct. App. 2015). This issue is barred.

¶12. Moreover, Green does not actually allege that he did not know the elements of murder; he simply contends that the trial judge should have explicitly laid them out for him. This alone would not render his guilty plea involuntary, as "[a] trial court need not explain

4

the elements of the offense to the defendant." *Hill v. State*, 60 So. 3d 824, 830 (¶19) (Miss. Ct. App. 2011) (citing *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)). "Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." *Id.* (quoting *Bradshaw*, 545 U.S. at 183).

¶13. Green executed a sworn petition where he admitted his lawyer had "advised[ him] of the nature of the charge(s)." This contention is without merit as well as barred.

### 4. Double Jeopardy

¶14. Green appears to claim that his convictions violated the constitutional protection against double jeopardy, but he never supports this contention with any relevant argument or authority. The record in fact reflects that Green murdered two separate people, and we can see no cognizable double jeopardy claim. This contention is without merit.

¶15. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**