# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00152-COA

**HAROLD HAYES A/K/A HAROLD HAYES, JR.**                    **APPELLANT**
**A/K/A HAROLD RAY HAYES, JR.**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/30/2018 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | HAROLD HAYES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/12/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND C. WILSON, JJ.**

**C. WILSON, J., FOR THE COURT:**

¶1.     This is an appeal from an order denying Harold Hayes's post-conviction motion to vacate and correct his sentence. On April 18, 1991, a Lauderdale County grand jury indicted Hayes in a two-count indictment: Count I charged Hayes with capital murder, and Count II charged Hayes with armed robbery. Thereafter, Hayes filed his petition to enter a plea of guilty to the charge of capital murder. The circuit court accepted Hayes's plea, adjudicated him guilty to the charge of capital murder, dismissed Count II, and sentenced Hayes to life imprisonment with the possibility of parole in the custody of the Mississippi Department of Corrections (MDOC) and to pay court costs in the amount of $164.50.

¶2.     On June 19, 2017, Hayes filed a post-conviction relief (PCR) motion to vacate and correct his sentence, in which he alleged that he is serving an illegal sentence and that his plea was not voluntarily or knowingly made. The circuit court denied Hayes's motion. Hayes now appeals, claiming that he is serving an illegal sentence and that his plea was not voluntarily or knowingly made. After a thorough review of the record, we affirm.

FACTS

¶3.     On March 6, 1991, Hayes and Kevin Ray Bryant murdered Vivian B. Powell by striking Powell over the head with a pipe during the commission of a robbery.

¶4.     On April 18, 1991, a Lauderdale County grand jury indicted Hayes in a two-count indictment. Count I charged Hayes with capital murder in violation of Mississippi Code Annotated section 97-3-19(2)(e) (Supp. 1986), as follows:

> [O]n or about the 6th day of March, A.D., 1991, [Bryant and Hayes] did then and there wilfully, unlawfully, feloniously kill and murder Vivian B. Powell, a human being, with or without design to cause her death by hitting the said Vivian B. Powell in the head with a pipe, during the commission of the felony crime of robbery, and the killing was without authority of law, making this a capital offense with possible death sentence in violation of Mississippi Code Annotated Section 97-3-19(2)(e) and 97-3-21 (1972) . . . .

Count II charged Hayes with armed robbery in violation of Mississippi Code Annotated section 97-3-79 (Supp. 1981), as follows:

> as part of the same transaction or occurrence . . . on the 6th day of March, A.D., 1991, [Bryant and Hayes] did wilfully, unlawfully, and feloniously take or attempt to take a battery and assorted necklaces and jewelry [], the personal property of Vivian B. Powell, by violence to her person or by putting the said victim in fear of immediate injury to her person by the exhibition of a deadly weapon, to-wit: an iron pipe in violation of Section 97-3-79 Mississippi Code Annotated as amended (1972) . . . .

2

¶5. On June 24, 1992, Hayes filed his petition to enter plea of guilty to the charge of capital murder based on his admission that, "On or about March 6, 1991[,] in Lauderdale County, [Mississippi], I hit Vivian Powell over the head with an iron pipe which caused her death. This was done so that we, Kevin Bryant and myself, could steal things from her house." On July 2, 1992, the circuit court accepted Hayes's guilty plea, adjudicated him guilty of capital murder, dismissed Count II of the indictment for armed robbery,[1] and sentenced Hayes to life imprisonment in MDOC's custody with the possibility of parole and to pay court costs in the amount of $164.50.

¶6. On May 4, 2000, Hayes filed a motion requesting a sentence reduction. In his 2000 motion, Hayes asserted that the charge of capital murder to which he pled guilty should have been reduced to a lesser charge because the charge of armed robbery (Count II) was dismissed in exchange for the plea agreement. The circuit court denied this motion on May 11, 2000, due to lack of jurisdiction. The court also stated that Hayes incorrectly asserted that the charge should have been reduced due to the dismissal of the armed robbery count.

¶7. On May 18, 2016, Hayes filed a motion regarding records and transcripts, in which he requested a transcript of his guilty-plea hearing so that he could discover potential violations that occurred during the hearing. The court denied this motion on September 7, 2016, finding that Hayes was not entitled to a free transcript because he pled guilty and because he failed to specify his necessity for a free transcript.

¶8. On June 19, 2017, Hayes filed a PCR motion to vacate and correct his sentence, in

---

[1] On the State's motion, the court consented to a nolle prosequi regarding the armed robbery charge in Count II.

which he asserted that he is serving an illegal sentence. Specifically, Hayes again argued in this motion that the charge of capital murder should have been reduced to a lesser crime—resulting in a lesser sentence—due to the fact that the underlying felony of armed robbery was dismissed. Hayes further contended that his plea was not voluntarily and knowingly made because he did not completely understand the charge against him or the consequences of the plea with regard to his sentence. Hayes requested that the circuit court grant an evidentiary hearing to determine the facts concerning the motion or, alternatively, that the court grant his motion and correct his sentence by reducing both the charge and sentence.

¶9. On April 23, 2018, the circuit court denied Hayes's motion to vacate and correct his sentence. In denying Hayes's motion, the circuit court found (1) that the dismissal of the armed-robbery count does not impinge on the indictment for capital murder or reduce the crime to which Hayes pled guilty because the indictment for capital murder contained the necessary elements to support Hayes's conviction; (2) that, as a result, Hayes's sentence is not illegal; and (3) that because the plea petition reflects that Hayes was informed of the nature of his charge and the consequences of his plea, Hayes entered the plea voluntarily, knowingly, and intelligently.

¶10. Hayes filed a notice of appeal on May 21, 2018. On appeal, Hayes requests this Court to reverse the denial of his PCR motion, again asserting that he is serving an illegal sentence and that his plea was not voluntarily or knowingly made.

## STANDARD OF REVIEW

4

¶11.  When reviewing a circuit court's decision to deny a PCR motion, this Court will not disturb the circuit court's factual findings unless they are clearly erroneous; however, where questions of law are raised, the applicable standard of review is de novo.  *Lambert v. State*, 941 So. 2d 804, 807 (¶14) (Miss. 2006).

ANALYSIS

¶12.  Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion must be made within three years after the time for taking an appeal from the judgment of conviction or sentence has expired; if no appeal is taken, or in case of a guilty plea, the motion must be made within three years after the entry of the judgment of conviction.  Miss. Code Ann. § 99-39-5(2) (Rev. 2015).  In this matter, Hayes filed his PCR motion on June 19, 2017, almost twenty-five years after the circuit court accepted his guilty plea on July 2, 1992. Hayes's PCR motion is thus well outside the statutory time limitations for filing such a motion.

¶13.  Nonetheless, errors affecting certain fundamental rights are excepted from PCR procedural bars.  *Carter v. State*, 203 So. 3d 730, 731 (¶7) (Miss. Ct. App. 2016).  As this Court has previously noted, "four types of 'fundamental rights' have been expressly found to survive PCR procedural bars:  (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws."  *Green v. State*, 235 So. 3d 1438, 1440 (¶9) (Miss. Ct. App. 2017) (quoting *Salter v. State*, 184 So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015)).  "Under 'extraordinary circumstances,' ineffective assistance of counsel can [also] constitute an

5

exception to the statutory time[]bar." *Morales v. State*, No. 2018-CP-00737-COA, 2019 WL 3562031, at *5 (¶24) (Miss. Ct. App. Aug. 6, 2019).

¶14. Here, although Hayes's petition invokes his fundamental right to be free from an illegal sentence, Hayes fails to satisfy his burden of proving that his sentence is illegal. *See Williams v. State*, 126 So. 3d 992, 995 (¶8) (Miss. Ct. App. 2013) ("[B]are assertions regarding [fundamental constitutional rights] violations are insufficient to overcome . . . procedural bars."). Hayes's PCR motion is thus time barred.

¶15. Even if his motion was not procedurally barred, Hayes's sentence is proper.[2] This Court has held that the entry of a guilty plea waives any right a defendant has to require the State to prove each element of the crime beyond a reasonable doubt. *Swift v. State*, 815 So. 2d 1230, 1233 (¶11) (Miss. Ct. App. 2001) ("[A] voluntary guilty plea waives the requirement that the prosecution prove each element of the offense."). Further, Hayes's contention that the dismissal of the separate armed robbery charge against him renders his sentence for capital murder illegal is meritless. As the circuit court correctly held, the dismissal of the armed-robbery charge against Hayes did not reduce the crime to which Hayes pled guilty because the capital-murder count contained the necessary elements to stand

---

[2] "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it was within the limits prescribed by statute." *Hoops v. State*, 681 So. 2d 521, 537 (Miss. 1996). On July 2, 1992, the circuit court accepted Hayes's guilty plea, adjudicated him guilty of capital murder, dismissed Count II of the indictment (armed robbery), and sentenced him to life imprisonment in MDOC's custody with the possibility of parole. Pursuant to Mississippi Code Annotated section 97-3-21 (Supp. 1977), "Every person who shall be convicted of murder shall be sentenced by the court to imprisonment for life in the state penitentiary. Every person who shall be convicted of capital murder shall be sentenced to death or to imprisonment for life in the state penitentiary."

6

on its own and support Hayes's conviction. We therefore find Hayes's assertion that his sentence is illegal to be without merit.

¶16. We also find meritless Hayes's contention that his plea was not voluntarily or knowingly made. "A guilty plea is binding if entered voluntarily, knowingly, and intelligently." *Woods v. State*, 71 So. 3d 1241, 1244 (¶8) (Miss. Ct. App. 2011). "A plea is voluntary if the defendant knows what the elements are in the charge against him, including an understanding of the charge and its relation to him, the effect of the plea, and the possible sentence." *Taylor v. State*, 682 So. 2d 359, 362 (Miss. 1996). Moreover, the defendant must be advised that his guilty plea waives certain constitutional rights. *Hannah v. State*, 943 So. 2d 20, 25 (¶12) (Miss. 2006). The movant has the burden to show by a preponderance of the evidence that his plea was involuntary. *Woods*, 71 So. 3d at 1244 (¶8).

¶17. The record belies Hayes's position that his guilty plea was not voluntary. In his guilty-plea petition, Hayes acknowledged that his lawyer "[counseled] and advised [him] on the nature of each charge; on any and all lesser included charges; and on all possible defenses that [he] might have in this case." Hayes also stated that after consulting with his lawyer, he entered his guilty plea freely and voluntarily and of his own accord "with full understanding of all matters set forth in the indictment and in this petition and in the certificate of [his] lawyer which follows." Hayes's plea was also knowingly made. Hayes acknowledged that by entering this plea, he understood that he was waiving certain constitutional protections otherwise available to him.

¶18. After reviewing Hayes's sworn petition to enter a guilty plea, the circuit court found:

(1) [Hayes] has intelligently, voluntarily[,] and knowingly waived the Constitutional rights associated with a trial set out in Paragraph 5 of [his] sworn Petition to Enter Plea of Guilty; (2) [Hayes] knows the elements of the crime to which [he] is pleading guilty and understands the charge and its relation to [him]; (3) [Hayes] understands the effect of said guilty plea and what the possible sentence might be because of said guilty plea; (4) After specifically reviewing Paragraph 4 of said sworn Petition with [Hayes] concerning the performance of and satisfaction with [his] attorney, [Hayes] did receive effective assistance of counsel . . . .

Based on these findings, the court accepted Hayes's guilty plea, adjudicated him guilty of capital murder, dismissed Count II of the indictment, and sentenced him, consistent with the applicable statutory law, to life imprisonment with the possibility of parole.

¶19. Against this record, Hayes failed to satisfy his burden of proving by a preponderance of the evidence that his plea was not made voluntarily and knowingly. In addition to the time bar, we find Hayes's PCR motion is likewise meritless. The circuit court properly denied Hayes's motion.

¶20. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**